## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAYS C. HUSSEY,
 Appellant,

v.

DEPARTMENT OF AGRICULTURE,
 Agency.

DOCKET NUMBER
DA-0432-13-0237-I-1

DATE: August 7, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hays C. Hussey, Mandeville, Louisiana, pro se.

Sandy S. Francois and Thomas E. Dunn, New Orleans, Louisiana, for the
 agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
affirmed the agency's removal decision for unacceptable performance. Generally,
we grant petitions such as this one only when: the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant held the position of Information Technology (IT) Specialist, GS-12, with the agency's National Finance Center, Information Technology Division. Initial Appeal File (IAF), Tab 5 at 9. In October 2012, the agency informed the appellant that it found his performance to be unacceptable in three performance elements and placed him on a 60-day performance improvement plan (PIP).[2] *Id*. at 65-70, 83-88. The agency identified the three critical elements as: (1) mission accomplishment, (2) security and continuity of operations, and (3) communications. *Id*. at 65-68. During the PIP, the appellant met weekly with his supervisor to review his progress. *Id.* at 45. The agency determined that the appellant did not successfully complete the PIP and continued to perform at an unacceptable level on two performance elements, mission accomplishment and communications, and proposed his removal. *Id.* at 45, 56. The deciding official

---

[2] The agency reissued the PIP to the appellant 11 days after the first PIP document was issued due to errors in the original documentation. *Id*. at 65-70, 83-88.

sustained the decision to remove the appellant for unacceptable performance. *Id.* at 10.

¶3     The appellant filed a Board appeal challenging his removal, alleging that the agency interfered with the training for his position. IAF, Tab 1 at 4, 6. The appellant claimed harmful error and retaliation for his prior Board and equal employment opportunity (EEO) activity.[3] *Id.* at 4-6. The administrative judge conducted a hearing and issued an initial decision that affirmed the agency's removal action. IAF, Tab 26, Initial Decision (ID) at 1. The administrative judge also found that the agency's action was not the result of reprisal for prior Board and EEO activity or harmful error. ID at 19.

¶4     The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The appellant restates his arguments that his removal was in reprisal for his prior Board activity and that the agency interfered with his performance so he could not complete his duties. *Id.* at 1-2; IAF, Tab 1 at 6. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

<u>The agency's performance standards were approved by the Office of Personnel Management (OPM), were valid, and communicated to the appellant, and the appellant was informed that his performance was deficient in at least one critical element.</u>

¶5     To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of the position; (3) the appellant's performance standards are valid under 5 U.S.C.

---

[3] The appellant further alleged a failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement. IAF, Tab 1 at 4. During a subsequent conference call, the appellant stated he did not have a compensable injury and was not appealing a failure to restore/reemploy/reinstate or improper restoration/ reemployment/reinstatement. IAF, Tab 17 at 1 n.1.

§ 4302(b)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which he was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.56(c)(1). If the action is supported by substantial evidence, the Board will sustain the action unless the appellant shows by a preponderance of evidence that: (1) the agency committed harmful procedural error in its decision; (2) the decision was based on a prohibited personnel practice under 5 U.S.C. § 2302(b); or (3) the decision was not in accordance with law. *Lee*, 115 M.S.P.R. 533, ¶ 6.

¶6        The administrative judge found that OPM approved the agency's performance management system, that the performance standards were valid and communicated to the appellant, and that the appellant was informed that his performance was deficient in at least one critical element. ID at 5, 7 and 13. The appellant has not challenged any of these findings in his petition for review.[4] We see no basis to disturb them on review and adopt them as the final decision of the Board.

---

[4] Though the appellant does not challenge the validity of the performance standards, he does argue that his position was not that of a system administrator but instead a data entry clerk. PFR File, Tab 1 at 2. However, the appellant repeatedly stated that he needed training to learn to do his GS-12 IT Specialist job. IAF, Tab 5 at 15, 43. The appellant's union representative also stated during the appellant's response to the deciding official that the appellant was placed in one of the most technical jobs in the group. *Id.* at 43. Based on the agency's evidence, the appellant's job was more technical in nature than a data entry position as the appellant has alleged. *Id.* at 46-52.

<u>The agency provided the appellant with a reasonable opportunity to improve his performance, but his performance remained unacceptable in two elements.</u>

¶7        The employee's right to a reasonable opportunity to improve is a substantive right and a necessary prerequisite to all chapter 43 actions. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 8 (2013).  In determining whether the agency has afforded the appellant a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the appellant's position, the performance deficiencies involved, and the amount of time that is sufficient to enable the appellant to demonstrate acceptable performance.  *Id.*  The Board has found that a 30-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance.  *Lee*, 115 M.S.P.R. 533, ¶ 33.  The agency issued the PIP for 60 days, and the appellant's supervisor met with him and reviewed his progress on a weekly basis during the PIP.  IAF, Tab 5 at 69.

¶8        The appellant argues that the agency resisted his return to work, which resulted from the settlement of prior claims, by denying him resources and refusing to support him in his new duties and that their actions interfered with his performance.[5]  PFR File, Tab 1 at 1-2; IAF, Tab 1 at 6.  However, he provides no evidence of what resources he was denied or how his supervisor prevented him from performing his job.  The appellant continues to argue in his petition for review that the agency denied him training to enable him to learn the duties of his new position.  *Id.* at 1.  The Board has found that an agency is not required to provide an employee with any formal training as part of an opportunity to

---

[5] The administrative judge properly advised the appellant that any issues the appellant had regarding the agency's compliance with a prior settlement agreement were to be raised through a petition for enforcement of the prior Board appeal and not as part of the present appeal.  IAF, Tab 17 at 1-2 n.1; *see Nease v. Department of the Army*, 68 M.S.P.R. 365, 367 (1995) (the proper method to attack the validity of a settlement agreement is a petition for review of the initial decision that dismissed the appeal based on the settlement agreement).

improve under a PIP. *Corbett v. Department of the Air Force*, [59 M.S.P.R. 288](), 290 (1993). However, if an agency promises an employee assistance during a PIP and both fails to do so and otherwise prejudices the appellant or hinders his chances to succeed, then it does not meet its burden of proving that it provided the employee with an opportunity to improve. *Id.* Here, the appellant alleges that the agency refused to provide him training to learn his new position. PFR File, Tab 1 at 1. However, the appellant's supervisor testified that the appellant had the opportunity to receive on-the-job training from a former coworker for approximately nine months to learn to do the job prior to being placed on the PIP. Hearing Compact Diskette (HCD). The supervisor testified that no IT Specialists received offsite training during the appellant's time in the work group due to a limited training budget. *Id.* The appellant attempted to challenge the testimony at the hearing, stating that he had seen training materials as evidence that others had received outside training. *Id.* Yet he provided no documentary evidence of offsite training materials and was unable to state whether the training occurred during this same time frame or at another point in time. Therefore, we find the agency was under no obligation to provide outside training to the appellant during his PIP.

¶9      Where, as here, an appellant's performance was unacceptable on one or more, but not all, components of a critical element, the agency must show by substantial evidence that the appellant's performance warranted an unacceptable rating on the element as a whole. *Adkins v. Department of Housing & Urban Development*, [781 F.2d 891](), 895 (Fed. Cir. 1986). An important function of performance standards is to ensure that employees understand both their agencies' expectations of them and the consequences of their failure to meet these expectations. *Shuman v. Department of the Treasury*, [23 M.S.P.R. 620](), 628 (1984). The evidence presented by the agency thus should demonstrate that the appellant knew or should have known the significance of the component or components at issue, in addition to demonstrating that the appellant's deficiencies

are significant enough to justify the action the agency has taken.  *Id.* at 628-29. The evidence may include a showing of the importance of the component or components in relation to the duties and responsibilities with which the critical element as a whole is concerned.  *Id.* at 629.

¶10    Here, we find the appellant was aware of the significance of the components at issue.    The agency's PIP letter informed the appellant of the specific deficiencies in each critical element, using the language from the performance standard.    IAF, Tab 5 at 65-68.    The agency's PIP letter only references components of the performance standard where the agency found deficiencies. *Id*.  The PIP letter notified the appellant that his performance was unsatisfactory in the three elements.  *Id.* at 65.  The agency also notified the appellant of the significance of these components when it informed him that if he did not successfully complete the PIP he would be demoted or removed from his position. *Id.* at 70.  Hence, we find that the appellant was sufficiently notified that his continued unsatisfactory performance in these components of the performance standard would result in an unacceptable rating for the critical element.  *See, e.g., Smallwood v. Department of the Navy*, 52 M.S.P.R. 678, 683-84 (1992) (finding that the agency properly notified the appellant at the beginning of the PIP that unacceptable performance for one component of the performance rating would warrant a rating of unacceptable for the element as a whole and that he could be removed if his performance was not at a minimally acceptable level).

¶11    The agency met its burden of proving by substantial evidence that the appellant's performance was unacceptable for the critical element of mission accomplishment.    Specifically, the PIP identified, among the appellant's deficiencies in this element, his inability to complete tasks accurately or on time. IAF, Tab 5 at 65-67.  The appellant's supervisor testified at the hearing about the role of the appellant's department and the National Finance Center, which processes payroll for various military and civilian agencies.    HCD.    The appellant's supervisor also commented on the need for accuracy to avoid any

misdelivery of personally identifiable information. IAF, Tab 5 at 46. The agency provided multiple examples of assignments not completed in a timely or proper fashion relating to the critical element of mission accomplishment. *Id.* at 46-52. The appellant's supervisor noted that for the daily routine monitoring task, the appellant was timely in the completion of his duties only 13 of the 35 days of the PIP. *Id.* at 46. The appellant's response to this task was that there was "mischief" occurring, that his reports were being blocked, and that other staff could not identify which reports were blocked. *Id.* at 18, 42. The appellant did not complete tasks assigned during the PIP, such as task ten, where he was directed to conduct an analysis and submit recommendations based on a vendor recommendation. *Id.* at 52. The appellant's response did not address the vendor recommendation or follow his supervisor's instructions, advising only that the analysis was not necessary. *Id.* However, the appellant himself had raised the issue based on high system utilization. *Id.*

¶12    The agency also demonstrated by substantial evidence the appellant's unacceptable performance for the critical element of communications. During the PIP, the appellant was involved in two incidents that led to management intervention. IAF, Tab 5 at 53-54. Both incidents involved allegations of the appellant seeking assistance by asking coworkers to cover for him or assist him because he believed he was going to be terminated. *Id.* at 176-78. Clearly these incidents do not comport with the components of the performance standard that focus on appropriate workplace communications, resolving disputes with proper conflict resolution tools, and participating as a team player to accomplish the organization's mission. *Id.* at 53. The appellant's PIP advised him that these standards were all part of the critical element of communication. *Id.* at 68.

¶13    The appellant alleges that the agency interfered with his ability to communicate with his coworkers. PFR File, Tab 1 at 1. However, the only evidence in the record of the agency limiting the appellant's communications was the incident involving the programming staff from another department. IAF,

Tab 5 at 53. The appellant's supervisor had previously directed him to seek information from this group by email, yet the appellant went into the work area. *Id.* at 81, 176. These visits resulted in an email from that group asking management to stop sending over the appellant. *Id.* at 81, 176. We do not find, under the circumstances, that the agency interfered in the appellant's communications.

¶14    We find the agency proved that the appellant's performance was unacceptable in at least one critical element. As a result, the Board may not mitigate the agency's removal action unless the appellant demonstrates by preponderant evidence that the agency committed harmful procedural error, the decision was based on a prohibited personnel practice under 5 U.S.C. § 2302(b), or the decision was not in accordance with law. *Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1566-67 (Fed. Cir. 1985); 5 C.F.R. § 1201.56(b).

The appellant failed to prove his affirmative defenses of harmful error and retaliation for EEO and MSPB activity.

¶15    The administrative judge found that the appellant did not prove his affirmative defenses of harmful error and retaliation. ID at 15-19. The appellant does not raise the harmful error claim in his petition for review. PFR File, Tab 1. Because the appellant has not raised the claim on review and our review of the initial decision finds no error with administrative judge's finding, we adopt this finding as the Board's final decision on this issue.

¶16    In his petition for review, the appellant continues to allege that the agency's action was in reprisal for his prior Board activity.[6] *Id.* at 1. To prevail on a claim

---

[6] The appellant also argues that the administrative judge improperly limited the evidence he could present on appeal and did not permit him to provide evidence that the agency's management, human resources, and labor relations groups refused to hear his complaints about his supervisor and chain of command. PFR File, Tab 1 at 1. The appellant states he was directed to take his complaints through the EEO process. *Id.* There is no evidence that the appellant filed an EEO complaint regarding his removal, though he submitted evidence of other EEO complaints that he filed with the agency.

of illegal retaliation based on prior Board or EEO activity, the appellant has the burden of showing that: (1) he engaged in a protected activity; (2) the accused official knew of the protected activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *New v. Department of Veterans Affairs*, 82 M.S.P.R. 609, ¶¶ 15-16 (1999). To establish a genuine nexus between the protected activity and the adverse employment action, the appellant must prove that the employment action was taken because of the protected activity. *Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 14 (2013). Where, as here, the record is complete on the issue of retaliation, the Board's inquiry proceeds to the ultimate question of whether, upon weighing the evidence presented by both parties, the appellant has met his overall burden of proving retaliation by preponderant evidence. *Dwyer v. Department of Veterans Affairs*, 107 M.S.P.R. 632, ¶ 7 (2008).

¶17        As the administrative judge noted in her initial decision, it is undisputed that the appellant engaged in protected activity, that his supervisors knew of the protected activity, and that his removal could have been retaliatory under the circumstances. ID at 17. To show retaliation, as the appellant attempts to do here, based on circumstantial evidence, he must demonstrate a "convincing mosaic" of retaliation against him. *Agbaniyaka v. Department of the Treasury*, 115 M.S.P.R. 130, ¶ 16 (2010), *aff'd*, 484 F. App'x 545 (2012). The appellant provided no evidence that his supervisor or the deciding official had any reason to retaliate based on his prior protected activity. The appellant also did not

IAF, Tab 19. The appellant alleges that his complaints were related to his reprisal claim. PFR File, Tab 1 at 2. Therefore, agency management directed him to the same venue where his other reprisal complaints were filed. *See* IAF, Tab 19 (record of other EEO reprisal complaints filed by the appellant). We decline to find that the agency's direction to the appellant regarding where to file his EEO complaints is evidence of reprisal. *See* 29 C.F.R. § 1614.102(b)(7) (requiring agencies to publicize the availability of EEO counselors, and provide them with notice of the "necessity of contacting a Counselor before filing a complaint").

demonstrate that any similarly situated employee was treated differently. However, the agency did prove the appellant's performance was unacceptable in the two critical elements, and the appellant has presented no evidence that this legitimate, nondiscriminatory action for his removal was pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973) (setting forth the parties' shifting burdens in a Title VII case). Accordingly, we find that the appellant did not prove his affirmative defense of retaliation for engaging in protected activity, and we affirm the agency's action.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.