NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN AGBANIYAKA,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2011-3211

---

Petition for review of the Merit Systems Protection Board in Case No. CB7121100015-R-1.

---

Decided: June 19, 2012

---

BENJAMIN AGBANIYAKA, Valley Stream, New York, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

———————————

Before NEWMAN, CLEVENGER, and LINN, *Circuit Judges*.

Per Curiam.

Mr. Agbaniyaka appeals from the final decision of the Merit Systems Protection Board ("MSPB" or "Board") in which the Board upheld the decision of the arbitrator to affirm the removal of Mr. Agbaniyaka from his position as a Revenue Agent with the Department of the Treasury's Internal Revenue Service ("IRS" or "Agency") because he willfully understated his Federal tax liability for tax years 2001 through 2004. *See Agbaniyaka v. Dep't of Treasury*, 115 M.S.P.R. 130 (2010); *Agbaniyaka v. Dep't of Treasury*, MSPB Docket No. CB-7121-10-0015-R-1 (June 17, 2011) (decision on request for reconsideration). Finding no reversible error, we affirm.

BACKGROUND

Mr. Agbaniyaka was employed as a Revenue Agent with the IRS beginning in 1986 through his termination in 2008. He received excellent performance evaluations, and several promotions. While employed at the IRS he obtained a Master's Degree in Taxation from Long Island University. Between 1988 and 2006, Mr. Agbaniyaka also engaged in the outside activity of selling African arts, crafts and decorative items at trade shows, festivals and street fairs. Sales from the venture never resulted in a profit, and each tax year he reported an operating loss for a business activity on Schedule C of his Federal tax returns, resulting in a reduction to his Federal tax liability.

In 2004, Mr. Agbaniyaka's 2001 Federal tax return was selected for a tax audit by the IRS. After reviewing his files, the agency found that Mr. Agbaniyaka did not maintain

adequate business records establishing that he was engaged in a business activity for which he was entitled to deduct business expenses. The agency subsequently expanded the audit to include tax years 2002, 2003, and 2004, and found similar issues on Mr. Agbaniyaka's Federal tax returns for those years. At the completion of the audit, the agency determined that Mr. Agbaniyaka's Federal tax returns were deficient in tax years 2001, 2002, 2003 and 2004 because he was not entitled to the deductions claimed on Schedule C of his returns. Mr. Agbaniyaka appealed to the Tax Court, which upheld the IRS's determination that he was not entitled to claim the net loss for the tax years 2001 through 2004 because he was not carrying on a business within the meaning of 26 U.S.C. §162(a). *See Agbaniyaka v. Commissioner*, 2007 WL 2848153 (U.S. Tax Ct. Oct. 2, 2007).

After the Tax Court decision, the IRS notified Mr. Agbaniyaka that the agency was removing him from employment for violating Section 1203(b)(9) of the IRS Restructuring and Reform Act of 1998 ("RRA" or "the Act"), tit. I, §1203, Pub. L. No. 105-206 (codified at 26 U.S.C. §7804 note). The Act mandates termination of any IRS employee found to have willfully understated his federal tax liability, unless such understatement is due to reasonable cause and not willful neglect. The agency determined that Mr. Agbaniyaka had willfully understated his tax obligation for the four-year period and, in the alternative, found that he had violated the agency's code of ethics. The case was referred to the IRS Commissioner for a determination of whether the penalty would be mitigated. Under section 1203(c)(1) of the Act, only the Commissioner of the IRS has authority to take "a personnel action other than termination" against an employee who has violated section 1203(b)(9). Moreover, section 1203(c)(3) specifies that any determination that the Commissioner makes "may not be appealed in any administrative or judicial proceeding." *See*

*also James v. Tablerion*, 363 F.3d 1352, 1359 (Fed. Cir. 2004) ("The Commissioner's determination is final and not subject to judicial review."). The Commissioner did not mitigate the penalty and the agency removed Mr. Agbaniyaka from employment effective April 15, 2008.

Pursuant to the collective bargaining agreement between the agency and the National Treasury Employees Union, the union requested arbitration of Mr. Agbaniyaka's termination. The arbitrator conducted hearings on June 16, 17, and 30, 2009, and July 1 and 14, 2009, in which both sides presented live testimony and documentary evidence. The arbitrator sustained the agency's removal of Mr. Agbaniyaka. In the decision, the arbitrator made extensive findings of fact and credibility determinations. S.A. 6 ("For the taxable years 2001 through 2004, the Grievant had not business records, sales receipts, or logs showing mileage."); S.A. 27 ("[H]e had not made a profit in any year since he established his business in 1988."); S.A. 28 ("The Grievant had no sales in 2001 and only a small amount of sales thereafter."); S.A. 29 ("The Grievant was aware, when he filed his tax returns for 2001-2004, that he had virtually no substantiation for his claim that he actively engaged in his business.") ("The Grievant was not involved in his activities with continuity and regularity, as required in the Schedule C instructions."). Based on these findings, the arbitrator concluded:

> Given the Grievant's experience and expertise, he was undoubtedly aware that he had to substantiate his efforts to conduct a business in 2001 and beyond. Being an experienced and knowledgeable Agency employee, he had to have been aware that he could not substantiate his alleged business activities. By claiming deductions on Schedule C, he

knowingly and willfully submitted tax filing to which he was not entitled.

S.A. 29. Mr. Agbaniyaka appealed the arbitrator's decision to the MSPB, requesting the Board to overturn the arbitrator's decision because the decision "was contrary to law and regulation." S.A. 55.

On October 29, 2010, the Board affirmed the arbitrator's decision, upholding Mr. Agbaniyaka's termination. In its decision, the Board found that "the arbitration decision reflects that the arbitrator considered the evidence" and that "the arbitrator appropriately placed the burden of proving the charge on the agency." S.A. 35. The Board further determined that the arbitrator did not address Mr. Agbaniyaka's argument that the agency committed harmful procedural error by (1) failing to conduct an investigation; (2) conceding, in part, some of the specifications underlying the charge of failure to properly file a personal federal income tax return; (3) improperly shifting the burden of proof; or (4) failing to mitigate the penalty. Because these issues were not decided by the arbitrator, the Board considered in the first instance whether "the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." S.A. 37. The Board found that Mr. Agbaniyaka

> has not provided any evidence to support his allegation that the agency failed to conduct a proper investigation, what specifications it allegedly conceded (and if so, how such a concession affected the decision to sustain the charge, if at all), how it improperly shifted the burden of proof and/or how its failure to mitigate the penalty was improper, nor has he shown that the alleged procedural error(s)

would have caused the agency to reach a different conclusion than it would have reached in the absence or cure of the error(s).

S.A. 37. Further, the Board determined that Mr. Agbaniyaka failed to introduce any evidence to support his arguments that his termination was due to discrimination or retaliation for his protected EEO activity. The Board thus affirmed the arbitrator's decision and upheld Mr. Agbaniyaka's termination.

Mr. Agbaniyaka submitted supplemental documents to the Board and requested that it reopen and reconsider its previous decision. The Board reopened its earlier decision to consider Mr. Agbaniyaka's argument that the agency failed to prove that his actions were willful under section 1203(b)(9) of the RRA. The Board concluded:

> We discern no error by the arbitrator in finding that the appellant's understatement of his tax liability was willful in light of his expertise and years of experience as an agency employee and his knowledge that he could not submit claims for deductions of business expenses that he could not substantiate.

S.A. 77 (citing *United States v. Pomponio*, 429 U.S. 10, 11–12 (1976)). In a Final Order dated June 17, 2011, the Board reaffirmed the arbitrator's decision.

Mr. Agbaniyaka timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. §7703.

DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "[T]he standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1115 (Fed.Cir.1987). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed.Cir.2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In addition, a "presiding official's credibility determinations . . . are virtually unreviewable." *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986).

I

Mr. Agbaniyaka first argues that the arbitrator did not apply the correct legal standard for willfulness and, as a result, improperly affirmed his termination from the agency. Pet'r Br. at 9. Section 1203(b)(9) of the RRA states that the IRS must terminate an employee for "*willful* understatement of federal tax liability, unless such understatement is due to reasonable cause and not to *willful* neglect." *See* 26 U.S.C. §7804 note (emphasis added). Mr. Agbaniyaka asserts that a determination of "willfulness" under the statute requires "both knowledge of a legal duty and specific intent to act with bad purpose," citing *Boulware v. United States*, 552 U.S. 421 (2008), *Cheek v. United States*, 498 U.S. 192 (1991), *Ratzlaf v. United States*, 510 U.S. 135 (1994), and *Spies v. United States*, 317 U.S. 492 (1943). Pet'r Br. 9, 12. Accordingly he argues that the arbitrator was "required as a matter of law to find actual bad intent on Petitioner's part in order to affirm" his termination. *Id.* at 12. Mr. Agbaniyaka asserts that neither the agency nor the arbitra-

tor "could point to any facts to show that Petitioner acted with bad intent when he filed his tax returns." *Id.* at 10.

The Supreme Court has recognized that "the word 'willfully' in these statutes generally connotes a voluntary, intentional violation of a known legal duty." *United States v. Bishop*, 412 U.S. 346, 360 (1973). The Court has rejected the requirement that willfulness requires proof of "bad faith" or "evil intent" beyond showing a specific intent to violate the law. *See Pomponio*, 429 U.S. at 23–4. The Court reaffirmed this established standard in *Cheek*, stating: "Taken together, *Bishop* and *Pomponio* conclusively establish that the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'" 498 U.S. at 201.

None of the cases cited by Mr. Agbaniyaka support the conclusion that "willful understatement of tax liability" requires a finding of bad intent. Contrary to petitioner's arguments, the Court in *Ratzlaf* did not require that the Government prove that the defendant acted with "a specific intent to act with bad purpose," Pet'r Br. 9, but required that the Government prove that the defendant acted with knowledge that the financial restructuring the he was undertaking was unlawful. *Ratzlaf*, 510 U.S. at 138. In this case, the Government established, citing Mr. Agbaniyaka's master's degree in tax law and extensive experience working as a Revenue Agent for the IRS, that he was aware of the substantiation requirement. The arbitrator consequently determined that Mr. Agbaniyaka "was undoubtedly aware that he had to substantiate his efforts to conduct a business in 2001 and beyond." S.A. 29. The arbitrator's determination of Mr. Agbaniyaka's knowledge of the tax laws is consistent with the Court's holding in *Ratzlaf*.

Mr. Agbaniyaka further argues that, pursuant to *Spies*, *Boulware* and *Cheek*, the Government must prove specific intent, which he argues requires that the Government "establish what was in Petitioner's mind or the circumstances of his life at the time he prepared his tax returns." Pet'r Br. 13. But statutory willfulness only requires a finding of a "voluntary, intentional violation of a known legal duty." *Pomponio*, 420 U.S. at 12; *Cheek*, 498 U.S. at 201; *Bishop*, 412 U.S. at 360. The Government has shown that the law imposed upon Mr. Agbaniyaka a duty to properly file his taxes, that he knew of this duty, and that he voluntarily and intentionally violated that duty. *Cf. Cheek*, 498 U.S. at 201 ("Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."). Mr. Agbaniyaka does not allege that his submissions were unintentional or involuntary. Nor does he claim that he possessed substantiation. Accordingly, Mr. Agbaniyaka has not shown that the Government failed to prove willfulness, as determined by the arbitrator.

Mr. Agbaniyaka also argues that the arbitrator erred because he "cited no case law or other precedent to show the standard he used to determine the legal definition of willfulness." Pet'r Br. at 12. The arbitrator did not explicitly define willfulness in his decision; but Mr. Agbaniyaka has not established that this resulted in harmful error. The arbitrator made explicit factual findings regarding Mr. Agbaniyaka's actions sufficient to support a determination of willfulness—i.e. a "voluntary, intentional violation of a known legal duty." Specifically, the arbitrator found that the appellant "was well aware that not only does he have to be entitled to claim items he deducts on his tax forms, but he has to be able to substantiate the deductions," S.A. 28, and that "[he] was aware, when he filed his tax returns for

2001-2004, that he had virtually no substantiation for his claim that he actively engaged in his business," S.A. 29.  Mr. Agbaniyaka has not identified how the arbitrator's reasoning was inconsistent with the legal standard for willfulness; we do not find that the arbitrator's willfulness determination was harmful error.

The Board's decision as to willfulness is affirmed.

## II

Mr. Agbaniyaka also alleges that the agency and arbitrator committed several procedural errors amounting to harmful error.  Pet'r Br. at 15, 22.  First, he argues that the arbitrator "exceeded his authority" by relying on IRS publication 525 to find that "petitioner willfully violated the law." Pet'r Br. at 15.  He argues that the arbitrator "looked for, found and used IRS Publication 525, in addition to those tax laws and regulations identified in the arbitration hearing to independently determine whether Petitioner was conducting a business."  Pet'r Br. at 16.  The Government responds that the arbitrator's reference to IRS Publication *525* was a typographic error and that the arbitrator intended to cite IRS Publication *535*, which was an agency hearing exhibit and was submitted by the agency in support of its case.  *See* S.A. 21 (reference to "Publication 535" in the arbitrator's decision). Mr. Agbaniyaka does not respond to this explanation; we find a typographic error plausible.[1]  Moreover, the arbitrator did not exclusively rely upon Publication 535, but also considered the Tax Court decision, the agency's audit, and other evidence presented at the hearing to determine that Mr. Agbaniyaka understated his tax liability for the

---

[1]    IRS Publication 535, entitled "Business Expenses: For use in preparing 2002 returns," "discusses common business expenses and explains what is and is not deductible."  S.A. 80–84.

years 2001 through 2004. We discern no reversible error in the reference to "IRS Publication 525" in relation to the arbitrator's determination that Mr. Agbaniyaka incorrectly reported his tax liability.

Lastly, Mr. Agbaniyaka asserts that the arbitrator committed harmful error because he did not require the IRS to prove each factual specification. Mr. Agbaniyaka asserts that the specification states that he was charged with improperly taking both Schedule A and Schedule C deductions, but the arbitrator only required the IRS to prove the Schedule C deductions. The government responds that "[t]he parties entered into a stipulation of fact before the Tax Court wherein the parties agreed that Mr. Agbaniyaka was entitled to his Schedule A charitable contributions. At the arbitration hearing, the agency stipulated that the Schedule A deductions referenced in the notice of proposed removal were permissible and were no longer a basis to support the removal." Gov't Br. at 25 n.8. Accordingly, the Schedule A deductions that were listed in the initial notice of proposed removal were removed from the Tax Court case before the agency finalized Mr. Agbaniyaka's termination. *Id.*; Pet'r Br. at 25. See *Burroughs v. Dep't of Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) ("[W]here more than one event or factual specification is set out to support a single charge . . . , proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge."). We therefore affirm the Board's determination that Mr. Agbaniyaka has not shown that the agency's concession of the Schedule A deductions resulted in harmful error.

The RRA mandates removal of an IRS employee who willfully understated his federal tax liability. The government met its burden of showing that Mr. Agbaniyaka willfully understated his tax liability by improperly listing

unsubstantiated Schedule C deductions for years 2001 through 2004.

## CONCLUSION

The arbitrator's decision is AFFIRMED.

No costs.