# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW MARSHALL, JR.,<br>　　　　　　　Appellant,<br><br>　　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　　Agency. | DOCKET NUMBER<br>DC-0752-13-0199-I-2<br><br><br>DATE: February 20, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Marshall, Jr., Woodbridge, Virginia, pro se.

Diane Duhig, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal based on charges of being absent without leave (AWOL) and failing to follow the station leave policy regarding obtaining supervisor approval of absences. Generally, we grant petitions such as this one only when:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order merging the failure to follow the station leave policy charge with the AWOL charge, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant held the position of Management and Program Analyst, GS-11, with the agency's regional office in Washington, D.C. *Marshall v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-13-0199-I-1 (I-1), Initial Appeal File (IAF), Tab 4 at 13. He requested leave for the period beginning June 11, 2012, for a medical condition. *Id.* at 80. On July 31, 2012, the agency requested additional information regarding the appellant's medical condition to substantiate his request for sick leave. *Id.* at 80-81. The appellant's physician responded to the agency's request by forwarding a letter stating that the appellant was under his care and needed additional time off work to address his medical needs. *Id.* at 27-29. On August 29, 2012, the agency contacted the appellant a second time because the medical information submitted by his physician did not satisfy the agency's request for information. *Id.* at 27. The agency notified the appellant that the information must be received by September

7, 2012, or his absence might be coded as AWOL. *Id.* On September 5, 2012, the appellant's physician provided additional medical documentation to the agency. *Id.* at 155-59. On September 12, 2012, the agency notified the appellant that his request for leave under the Family and Medical Leave Act (FMLA) was denied. *Id.* at 44. The agency subsequently coded his absences beginning on August 9, 2012, as AWOL. *Id.* at 106.

¶3    The agency proposed to remove the appellant based on two charges: (1) AWOL, and (2) failure to follow station leave policy. *Id.* at 36-41. The agency charged the appellant as being AWOL for the period of August 9, 2012, through September 28, 2012. *Id.* at 36-38. The agency also charged the appellant with failure to obtain his supervisor's permission for his absence under the station leave policy for each day he was charged as AWOL. *Id.* at 38-41. After the appellant submitted a written reply, the deciding official sustained the charges and directed the appellant's removal. *Id.* at 16, 20-21.

¶4    The appellant initiated a Board appeal challenging his removal. I-1, IAF, Tab 1 at 4. He alleged that he was wrongly denied leave under the FMLA, and that the removal was motivated by his age, race, and disability, and was in retaliation for filing prior equal employment opportunity (EEO) complaints. *Id.* at 6; *Marshall v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-13-0199-I-2 (I-2), IAF, Tab 6 at 2. Finally, he alleged that the agency imposed a disparate penalty on him versus others who were not removed and yet were absent as long as he was from work. I-2, IAF, Tab 6 at 1-2.

¶5    The administrative judge conducted a hearing and affirmed the agency's removal action. I-2, IAF, Tab 12, Initial Decision (ID) at 1. She found that the appellant was not entitled to leave without pay under the agency's leave policy, and that the agency properly denied his request for FMLA protection for his leave. ID at 3-5. She also found that the agency proved the second charge of failure to follow the station leave policy. ID at 6. The administrative judge found, moreover that the appellant failed to prove any of his affirmative defenses

or that he was subject to a disparate penalty. ID at 7-12. She reviewed the agency's penalty determination and found that the record supported the agency's removal decision. ID at 6-7.

¶6 The appellant has filed a petition for review. I-2, Petition for Review (PFR) File, Tab 1. The Clerk of the Board issued an acknowledgment letter informing the appellant that his petition for review appeared to be untimely. PFR File, Tab 2. The appellant has filed a motion to accept his petition for review as timely. PFR File, Tab 3. The appellant also has filed a motion for leave to file an additional pleading. PFR File, Tab 5. The agency has responded to the appellant's motions, to which he has filed a reply. PFR File, Tabs 6, 8.

The appellant timely filed his petition for review.

¶7 The appellant alleges that he timely filed his petition for review within 30 days of his receipt of the initial decision. PFR File, Tab 3 at 2. We find the petition for review timely.

¶8 A petition for review must be filed within 35 days after the initial decision was issued or, if the petitioner shows that he received the initial decision more than 5 days after its date of issuance, within 30 days of his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence. *Gross v. U.S. Postal Service*, 103 M.S.P.R. 334, ¶ 5 (2006); 5 C.F.R. § 1201.56(a)(2)(ii).

¶9 A letter properly addressed, stamped, and mailed is presumed to have been duly delivered to the addressee. *Hall v. Defense Logistics Agency*, 69 M.S.P.R. 17, 20 (1995), *aff'd*, 106 F.3d 426 (Fed. Cir. 1997) (Table). In this instance, a Board employee signed a certificate of service certifying that the initial decision was sent by regular mail to the appellant at his address of record. I-2, IAF, Tab 13. The initial decision was issued on November 13, 2013, and became final on December 18, 2013. ID at 1, 12. The appellant filed his petition for review on April 7, 2014, nearly 5 months after the initial decision was issued. PFR File,

Tab 2 at 1. He submits a sworn statement that he did not learn that the initial decision had been issued until March 7, 2014. PFR File, Tab 3 at 2.

¶10      The appellant originally registered as an e-filer. I-1, IAF, Tab 1 at 2. Though the record does not contain a notice of change of e-filing status to know the exact date of his change of status, the appellant later changed from being an e-filer to a paper filer, and the initial decision was mailed to him via U.S. mail. *See* I-2, IAF, Tab 3 at 4 (certificate of service reflecting electronic filing); Tab 6 at 10 (certificate of service reflecting service by paper service through U.S. mail); Tab 13 (certificate of service reflecting that the initial decision was sent via U.S. mail). The appellant states that he contacted the Washington Regional Office in November and December 2013 regarding the decision, but he was told that the office was running behind schedule. PFR File, Tab 3 at 2. The appellant states that he contacted the Board on March 7, 2014, after logging into the Board's e-Appeal system and saw the initial decision in the document repository.[2] *Id.* The appellant asserts that he then acted promptly in pursuing his appeal rights and filed his petition for review within 30 days after receiving the initial decision. PFR File, Tab 1, Envelope. Accordingly, after reviewing the arguments and evidence before us, we find that the appellant timely filed his petition for review.

The administrative judge properly sustained the AWOL charge.

¶11      The appellant argues that the agency cannot charge him with being AWOL because he provided medical documentation for each day of absence in the charge. PFR File, Tab 1 at 3. We disagree.

¶12      For an agency to prove a charge of AWOL, it must show that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 6 (2009). An agency may require a medical certificate to substantiate a request

---

[2] The Board's e-Appeal records substantiate that the appellant did not log into the Board's e-Appeal system between the period of November 13, 2013, and April 6, 2014.

for sick leave of more than 3 workdays. 5 C.F.R. § 630.405(a). A charge of AWOL will not be sustained if the appellant presents administratively-acceptable evidence that he was incapacitated for duty during the relevant period, and if he has sufficient sick leave to cover the period of absence. *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007); *see* 5 C.F.R. § 630.405(b) (indicating that an agency may deny a request for sick leave when an employee fails to provide properly requested administratively-acceptable evidence). An agency may find documentation insufficient if it does not provide requested information regarding the nature of the appellant's illness and the effect his illness had on his ability to work. *Rison v. Department of the Navy*, 23 M.S.P.R. 118, 123 (1984), *aff'd*, 765 F.2d 162 (Fed. Cir. 1985) (Table).

¶13      It is undisputed that the appellant was absent from work from August 9, 2012, through September 28, 2012, a period totaling 35 days. I-1, IAF, Tab 18 at 3. The appellant never called his supervisor to request leave for any of the dates. ID at 6. The appellant provided successive medical notes from his doctor, which stated that he should be off work for the same period. I-1, IAF, Tab 4 at 24, 26, 60-66. The agency submitted to the appellant a request for additional information relating to prognosis, the impact of the medical condition on overall health and activities, what duties in his current position he could not perform due to his present condition, and what everyday activities he could not perform due to his present condition. *Id*. at 80. The appellant's physician provided a letter to the agency that only stated the appellant was under his care and recommended he be off work for 2 weeks. *Id*. at 29. The agency notified the appellant that it still sought documentation for its request and that if the information was not provided, then it might result in the absence being considered AWOL. *Id*. The appellant's physician submitted another letter to the agency, and the appellant submitted an FMLA certification form completed by his physician. *Id*. at 60, 155-59. The agency again determined that the documents did not contain all of the information requested; therefore, the agency determined that the appellant's absences were

not authorized and coded them as AWOL. *Id.* at 36-38. Because the agency requested a medical certification and the medical documentation that the appellant submitted in response did not contain information that the agency properly requested, the agency was justified in designating the appellant's absences as AWOL.

The administrative judge correctly found that the agency properly denied the appellant's request for FMLA protection for his leave.

¶14 The appellant also argues on review that he was improperly denied FMLA protection for the period designated as AWOL. PFR File, Tab 1 at 5-6. The administrative judge found that the appellant did not timely or adequately respond to the agency's requests for documentation, and therefore the agency properly denied FMLA protection. ID at 5. We agree.

¶15 The Board will examine FMLA eligibility or require the agency to disprove entitlement to FMLA leave when the appellant makes nonfrivolous allegations of FMLA leave eligibility or the agency's evidence or allegations otherwise show that FMLA-qualifying leave was involved. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 74 (1997). In reviewing an absence where FMLA is involved, the Board will consider whether, in pertinent part, the appellant submitted timely and substantively sufficient written medical certification under the circumstances. *Id.* at 76-78. On July 12, 2012, the agency advised the appellant of his rights and responsibilities under FMLA, including the requirement that he submit an FMLA certification by July 27, 2012. I-1, IAF, Tab 4 at 170-72. The appellant submitted an FMLA certification form on September 5, 2012. *See id.* at 154.

¶16 At the hearing, the agency human resources specialist who reviewed the appellant's FMLA paperwork testified that the appellant did not adequately respond to the agency's request for medical information. I-2, IAF, Tab 11, Hearing Compact Disc (HCD). He testified that the agency followed the Office of Personnel Management's FMLA regulations. *Id.* The applicable FMLA regulations for medical certification require that the certification should include:

> (1) The date the serious health condition commenced; (2) [t]he probable duration of the serious health condition . . . ; (3) [t]he appropriate medical facts within the knowledge of the health care provider regarding the serious health condition, including a general statement as to the incapacitation, examination, or treatment that may be required by a health care provider . . . ; (5) . . . a statement that the employee is unable to perform one or more of the essential functions of his [] position or requires medical treatment for a serious health condition, based on written information provided by the agency on the essential functions of the employee's position or, if not provided, discussion with the employee about the essential functions of his [] position.

5 C.F.R. § 630.1208(b)(1)-(3), (5). The human resource specialist also testified to the inconsistencies on the FMLA paperwork submitted by the appellant's physician and why he advised the appellant's supervisor that the FMLA paperwork was not sufficient. HCD; I-1, IAF, Tab 4 at 155-57. The medical certification indicated that the appellant was totally incapacitated only for the period of August 22, 2012, through September 5, 2012, and not the entire period in the charge. *Id.* at 155-57; PFR File, Tab 1 at 3. The certification indicated that the appellant needed follow-up treatment and might require a reduced or intermittent schedule in the future, but the physician was not able to determine at that time for how long such care would be needed, other than to reflect a requirement for weekly to biweekly appointments. I-1, IAF, Tab 4 at 157. The physician did not indicate whether the appellant's medical condition would have future incidents that might render him incapacitated or prevent him from performing normal daily activities. *Id.* at 158. Finally, the medical form contained no indication that the appellant was unable to perform one or more of the essential functions of his position. *Id.* at 155-58. Given the lack of specificity, including the absence of treatment information, and the lack of a statement reflecting the appellant's incapacity to perform his job duties, we find the appellant did not submit sufficient information for the agency to approve his FMLA request.

¶17    The agency's human resource specialist also testified that the appellant did not timely submit the medical information for FMLA approval. HCD. We agree. An agency may require that a request for FMLA protection be supported by a medical certification from the employee's health care provider, and the employee must provide such certification within 15 calendar days. 5 C.F.R. § 630.1208(a), (h). If not practicable to provide the certification within 15 days despite "diligent, good faith efforts," the employee may have a reasonable amount of additional time, not to exceed 30 days from the agency's request. 5 C.F.R. § 630.1208(h). Here the agency notified the appellant on July 12, 2012, of the need to submit FMLA certification to support his leave request by July 27, 2012. I-1, IAF, Tab 4 at 170-72; *see* 5 C.F.R. § 630.1208(a) (permitting an agency to require a medical certification in support of a request for FMLA in certain circumstances). The appellant did not submit this documentation until September 5, 2012. I-1, IAF, Tab 4 at 154. The appellant's submission was filed beyond the 15 days allowed under the regulations. 5 C.F.R. § 630.1208(h). He also failed to demonstrate that he made diligent, good faith efforts to obtain the documentation and that it was not practicable to obtain the documentation within 15 calendar days. *See id.* Because he did not provide all the required information needed for approval within the required time frame, we find that the agency properly denied his request for leave under the FMLA.

The administrative judge should have merged the failure to follow station leave policy charge with the AWOL charge.

¶18    We find that the agency's charges of failure to follow station leave policy and AWOL must be merged because they did not involve different misconduct or elements of proof. *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 4 n.3 (2014). Each specification of the second charge stated that the appellant failed to obtain permission from his supervisor for his absence in violation of the station leave policy on the same dates that the appellant was also charged being AWOL. I-1, IAF, Tab 4 at 36-41. The agency's policy states, "Employees are responsible

for obtaining supervisory approval for all absences.  If supervisory permission to use leave has not been obtained, and the employee is absent, then the employee's absence is unauthorized and he[] will be placed in [AWOL] status."  *Id.* at 103. The policy informs employees that being AWOL may be the basis for corrective action.  *Id.*  Both charges involve the same events on the same 36 days.  I-1, IAF, Tab 4 at 36-41.  Both charges involve showing that the appellant's absences were not authorized by his supervisor.  Therefore, we modify the initial decision to merge the agency's charges.[3]

<u>The appellant did not prove his affirmative defense of retaliation for prior EEO activity.</u>

¶19     The appellant alleges in his petition for review that the administrative judge erred in not finding that his prior EEO activity was the reason for his removal.[4] PFR File, Tab 1 at 4.  We disagree.

¶20     Where, as here, the record is complete on the issue of retaliation, the Board's inquiry proceeds to the ultimate question of whether, upon weighing the evidence presented by both parties, the appellant has met his overall burden of proving retaliation by preponderant evidence.  *Dwyer v. Department of Veterans Affairs*, 107 M.S.P.R. 632, ¶ 7 (2008).  To prove a claim of retaliation based on circumstantial evidence, as the appellant attempts to do here, he must demonstrate a "convincing mosaic" of retaliation against him.  *Agbaniyaka v. Department of the Treasury*, 115 M.S.P.R. 130, ¶ 16 (2010), *aff'd*, 484 F. App'x 545 (Fed. Cir. 2012).  "[An appellant] making a retaliation claim under [Title VII] must establish that his [] protected activity was a but-for cause of the alleged adverse

---

[3] The fact that a charge has been merged does not mean that the duplicative charge is not sustained or that the appellant's misconduct is deemed less serious.  *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12 (2005).

[4] The administrative judge found the appellant did not prove his affirmative defense of discrimination based on disability.  ID at 8-11.  Neither party challenges this finding, and we see no reason to disturb this well-reasoned finding on review.

action by the employer." *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

¶21    The administrative judge found, and the parties do not dispute, that the appellant had engaged in prior EEO activity and named the proposing and deciding officials as discriminating officials. ID at 11. The appellant alleges on review that the officials bullied him, demoted him, accused him of being a terrorist, and told him they were going to run him out of the agency. PFR File, Tab 1 at 4. He argues that all of these events demonstrate a nexus between his protected activity and his removal. *Id.* The record contains no evidence that the appellant raised any of these allegations below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing. The appellant also alleges that he was disciplined for working on his EEO complaint during business hours. PFR File, Tab 1 at 4. The appellant was suspended for using official time without permission to work on his EEO complaint. I-1, IAF, Tab 4 at 51. However, the appellant argued in his response to that disciplinary action proposal that he was not working on his EEO complaint, suggesting that he understood that doing so without permission was an appropriate basis for discipline. *Id.* at 54.

¶22    Even if we were to consider all of the appellant's arguments, other than the appellant's unsupported allegations, the weight of the evidence suggests that his AWOL and failure to follow the station leave policy, not his alleged protected activity, was the basis for his removal. Accordingly, we agree with the administrative judge that the appellant did not prove his affirmative defense of retaliation for engaging in protected activity.

<u>The appellant did not prove his affirmative defenses of race and age discrimination.</u>

¶23    The appellant argues that he proved his defenses of race and age discrimination. PFR File, Tab 1 at 7. The appellant argues that he provided a witness to corroborate his claim that the deciding official made a comment that he intended to fire all older African-American employees, and that the administrative judge ignored her testimony. *Id.* at 7. We disagree.

¶24    The administrative judge found the appellant's witness not credible. ID at 9. The witness was the sole person who corroborated the appellant's allegation that the deciding official announced in a meeting his intention to fire all the older African-American employees. ID at 9. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The administrative judge found the witness provided no convincing details or specifics to support her wide-ranging, global, and conclusory claims of her own and the appellant's discriminatory treatment by the agency. ID at 9. She concluded that the witness would agree with any statement the appellant made regarding how his supervisors treated him. ID at 9. We see no reason to disturb this demeanor-based credibility finding. No other witness testified that they recalled the deciding official making any such comment. ID at 9. The appellant provided no other evidence in support of his race and age discrimination claims.

¶25    The appellant alleges that the administrative judge stated during the proceedings that if the appellant identified one witness who heard the deciding official state that he was going to fire older African-American employees at the location, then the agency would lose the appeal. PFR File, Tab 1 at 6-7. The record contains no evidence that the administrative judge made any such

statement. Both the prehearing and supplemental prehearing conference summaries reflect that the administrative judge informed the appellant of the proper burdens for proving his affirmative defenses of race and age discrimination. I-1, IAF, Tab 26 at 2-3; I-2, IAF, Tab 6 at 2-3. We find that the appellant's allegations do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See White v. Social Security Administration*, 76 M.S.P.R. 303, 308 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table). Therefore, we agree with the administrative judge that the appellant failed to prove his affirmative defenses of race and age discrimination.

The appellant did not prove that he was subject to a disparate penalty.

¶26     The appellant alleges that he was subject to a disparate penalty as compared with another employee who was off work for an extended period of time and was not removed. PFR File, Tab 1 at 5. The administrative judge found that the appellant was not subject to a disparate penalty. ID at 7. We agree.

¶27     The appellant's allegation that the agency treated him disparately to another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and is considered by the Board in determining the reasonableness of the penalty. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 5 (2010). The agency's burden to prove consistency of penalties is triggered if there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 20, 24 (2012).

¶28     The appellant argues that the comparator employee was off work for nearly 4 months, yet the agency took no disciplinary action against her. PFR File, Tab 1 at 5. However, we find that there is not enough similarity between the proposed comparator employee and the appellant to conclude that the agency treated similarly-situated employees differently. The proposed comparator employee testified at the hearing that she provided the agency with all the required

documentation to support her FMLA leave request.  HCD; *see* ID at 7.  The appellant showed no evidence of other employees who failed to provide proper medical documentation for their absences who were not disciplined by the agency.

The penalty of removal is reasonable based on the sustained charges.

¶29        Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness.[5]  *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).  The Board's function in this regard is not to displace management's responsibility but to assure that managerial judgment has been properly exercised.  *Id.* at 302.  The deciding official testified at the hearing that he considered the appellant's years of service, performance, and medical condition as part of his review of the *Douglas* factors, but found his prior disciplinary actions and lengthy absence warranted his removal.  ID at 7.  In evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities.  *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003).  The Board has previously found that an unauthorized absence from duty is proper grounds for removal because by its very nature it disrupts the efficiency of the service.  *Desiderio v. Department of the Navy*, 4 M.S.P.R. 84, 85 (1980).  Here, the appellant was AWOL for 36 days.  I-1, IAF, Tab 4 at 36-38.  The Board has upheld the penalty of removal for even fewer

---

[5] The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means that there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest.  *Valenzuela*, 107 M.S.P.R. 549, ¶ 14.  There is a clear nexus between an appellant's prolonged AWOL and the efficiency of the service.  *Id.*  The appellant does not challenge the administrative judge's finding of nexus on review, and we see no reason to disturb that finding here.

days of unauthorized absence. *See, e.g.*, *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 7 (2010) (holding that removal is a reasonable penalty for approximately 1 month of AWOL); *Jones v. U.S. Postal Service*, 110 M.S.P.R. 674, ¶ 8 (2009) (removal is reasonable for eleven unscheduled absences in a 3-month period); *Foreman v. U.S. Postal Service*, 89 M.S.P.R. 328, ¶ 17 (2001) (removal is reasonable for 16 days AWOL). The appellant had also been reprimanded and suspended for 10 days in the past year for two incidents of refusing to carry out a proper order. I-1, IAF, Tab 4 at 42. We thus agree with the administrative judge that removal was within the tolerable limits of reasonableness.

The appellant's procedural claims do not warrant reversal of the initial decision.

¶30        The appellant argues on review that the administrative judge denied him the opportunity to present witnesses who would have helped him prove his affirmative defenses of race and age discrimination. PFR File, Tab 1 at 6-7. During the prehearing conference, the administrative judge denied eight of the appellant's witnesses based on their testimony not being relevant to the hearing. I-1, IAF, Tab 18 at 7-9, Tab 26 at 3-4. Shortly after the hearing, the appellant notified the administrative judge that he had removed his representative, was objecting to the denial of his witnesses, and requested additional time to find a new representative before proceeding to hearing. I-1, IAF, Tab 24 at 2-3. The administrative judge dismissed the appeal without prejudice subject to refiling so the appellant could obtain new representation. I-1, IAF, Tab 27 at 2. After the appellant refiled his appeal, the administrative judge conducted a supplemental prehearing conference during which she approved an additional witness for the appellant based on a supplemental proffer of the witness's testimony. I-2, IAF, Tab 6 at 8. The appellant did not renew his objection to the administrative judge's ruling on witnesses after the supplemental prehearing conference despite being informed by the administrative judge of the opportunity to object. *Id.* An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to

exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). The appellant presents no additional evidence or argument on review regarding how the testimony of these witnesses would support his affirmative defenses, besides alleging that all were African-American, over 50 years of age, and removed by the proposing and deciding officials. PFR File, Tab 1 at 6-7. Therefore, we find no reason to disturb the initial decision.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[6] The appellant has filed a motion for leave to file an additional pleading to introduce new and material evidence that was not previously available. PFR File, Tab 5 at 1. The appellant provides no explanation as to how this information is material to his appeal. PFR File, Tab 5. Therefore, we deny his motion. *See* 5 C.F.R. § 1201.114(a)(5) (other than a petition for review, cross petition, responses, and reply, no additional pleadings are accepted on review unless the party files a motion with the clerk of the Board that describes the nature of and need for the pleading, and obtains leave to file).

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a](.).

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.