# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY JONES,

             Appellant,

      v.

DEPARTMENT OF LABOR,

             Agency.

DOCKET NUMBER
CB-7121-15-0011-V-1

DATE: April 16, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy Jones</u>, Saint Louis, Missouri, pro se.

<u>Dana M. Shannon</u>, Kansas City, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a request for review under [5 U.S.C. § 7121](d) of an arbitrator's decision that denied the grievance concerning his removal. For the reasons discussed below, we AFFIRM the arbitrator's decision. We further FIND that the appellant failed to prove his claim of race discrimination.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* [5 C.F.R. § 1201.117](c).

**BACKGROUND**

¶2      Effective September 11, 2013, the appellant was removed from his Equal Opportunity Specialist position for failure to provide accurate information and lack of candor.  MSPB Docket No. CB-7121-15-0011-V-1, Request for Review (RFR) File, Tab 1 at 34-44.  The failure to provide accurate information charge was supported by two specifications and the lack of candor charge was supported by three specifications.[2]  *See id.* at 39-42.

¶3      The appellant challenged the action through arbitration pursuant to the negotiated grievance procedure.  *See id.* at 45.  Following a hearing, on August 25, 2014, the arbitrator issued a decision denying the grievance.  *Id.* at 46-58.  The arbitrator sustained both specifications of the failure to provide accurate information charge and two of three specifications of the lack of candor charge.  *See id.* at 55-58.  Specification 1 of the failure to provide accurate information charge alleged that the appellant failed to provide accurate information in response to question 12 of Optional Form 306 (OF-306), Declaration for Federal Employment, by failing to disclose his resignation after being removed from his prior position at the Department of Agriculture in 2008.  *See id.* at 8-11.  Specification 2 alleged that the appellant failed to provide accurate information in his employment application regarding his employment history as a Criminal Investigator with the Department of Homeland Security (DHS).  *See id.* at 11-13.

¶4      Specification 1 of the lack of candor charge alleged that, during his recruitment interview, the appellant was not forthright about the fact that he only performed his job duties as a Criminal Investigator for the DHS for approximately 2 weeks and failed to disclose that he was on extended administrative leave during the majority of the 21 months he indicated that he was employed there on

---

[2] Initially, the agency provided four specifications in support of its lack of candor charge, however, the deciding official did not sustain specification 3.  RFR File, Tab 1 at 15, 41.

his résumé. *See id.* at 14. Specification 2 alleged that during the same interview, the appellant was not forthright about the fact that he went from a GS-12 Criminal Investigator to a GS-6 Deportation Assistant, not because he was in a "holding pattern" regarding his top secret clearance as he stated but because he had been removed from his Criminal Investigator position for failure to obtain a top secret clearance, and, as a result of a settlement agreement, the agency agreed to place him in the Deportation Assistant position. *Id.* Having determined that the agency proved both of its charges, the arbitrator also found that removal was a reasonable penalty that promoted the efficiency of the service. *Id.* at 58.

¶5    On September 26, 2014, the appellant electronically filed an "appeal" with the Board's Central Regional Office challenging the arbitrator's decision.[3] IAF, Tab 1. Recognizing that the "appeal" was properly a request for review of the arbitrator's decision, which should have been filed with the Clerk of the Board, *see Brent v. Department of Justice*, [100 M.S.P.R. 586](#), ¶ 6 (2005), *aff'd*, 213 F. App'x 993 (Fed Cir. 2007), the administrative judge issued a decision on December 15, 2014, transferring the request for review to the Clerk of the Board,[4] IAF, Tab 9, Initial Decision.

---

[3] Although the Board did not receive the appellant's request for review until sometime on or after December 15, 2014, his initial filing with the Central Regional Office on September 26, 2014, was within the 35-day time period for requesting review of the August 25, 2014 arbitration decision. *See* MSPB Docket No. CH-0752-15-0003-I-1, Initial Appeal File (IAF), Tab 1. Thus, we find his request for review was timely filed. *See Keller v. Department of the Army*, [113 M.S.P.R. 557](#), ¶ 4 (2010).

[4] The appellant also electronically filed an opposition to the agency's motion to dismiss on October 28, 2014, as well as a "Petition for Review" on December 23, 2014. IAF, Tab 7; RFR File, Tab 2. We have considered both pleadings as supplements to the appellant's request for review. We also have considered the agency's opposition to the appellant's request for review. RFR File, Tab 5.

## ANALYSIS

<u>The Board has jurisdiction over the appellant's request for review of the arbitrator's decision.</u>

¶6     The Board has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) where the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Keller*, 113 M.S.P.R. 557, ¶ 5. Under Board regulations that became effective November 13, 2012, an appellant can establish Board jurisdiction over a request for review of an arbitration decision only if the appellant either raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action or raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure. *See* 5 C.F.R. § 1201.155(c); *see also Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 6 (2014).

¶7     Here, each of these conditions is met. The appellant's grievance concerns his removal under 5 U.S.C. § 7512, a subject matter over which the Board has jurisdiction, and the arbitrator issued a final decision. RFR File, Tab 1 at 8, 44-58. Further, the appellant alleges for the first time in his request for review that his removal was a result of racial discrimination and the record reflects that his governing collective bargaining agreement did not allow for claims of discrimination to be raised in the course of a grievance proceeding. *See id.* at 5; RFR File, Tab 5 at 10, 38.

<u>The appellant has not shown that the arbitrator erred in interpreting civil service law, rule, or regulation.</u>

¶8     The standard of the Board's review of an arbitration decision is narrow; such decisions are entitled to a greater degree of deference than initial decisions of the Board's administrative judges. *Keller*, 113 M.S.P.R. 557, ¶ 6. Even if the Board disagrees with the arbitrator's decision, absent legal error, the Board

cannot substitute its conclusions for those of the arbitrator. *Id.* The Board will modify or set aside an arbitrator's decision only where the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.*

¶9     The appellant presents various challenges to the arbitrator's decision. RFR File, Tab 1 at 5, 59-62, Tab 2 at 3-4; IAF, Tab 7 at 4-6. First, the appellant contends that the arbitrator erred in sustaining the charge of failure to provide accurate information because he failed to consider the appellant's testimony that he inadvertently submitted the wrong OF-306 form. RFR File, Tab 1 at 59, 61, Tab 2 at 4. Contrary to the appellant's assertion, however, the arbitration decision reflects that the arbitrator did consider the appellant's explanation that he mistakenly submitted the wrong OF-306 but found such an explanation was not credible. RFR File, Tab 1 at 56.

¶10    The appellant also generally sets forth the background facts regarding his employment history and explains why he believes that he did not provide inaccurate information. *See id.* at 5, 60. Concerning the failure to provide accurate information charge, the appellant asserts the following: he disclosed the reasons surrounding his separation from his prior federal positions during two interviews with a background investigator and during a prior interview he had with the Office of Personnel Management, and he was attempting to abide by the terms of his settlement agreement with the DHS. *See id.* at 5, 60-61. Additionally, regarding the lack of candor charge, the appellant reiterates his arguments that during his interview he was not asked specific questions about his length of employment with the DHS and that he did not state that he was in a holding pattern to receive a top security clearance because he was not; rather, he stated that he was awaiting placement in another position that did not require a top secret clearance. *See id.* at 61-62. The appellant's statements do not establish, however, a basis for the Board to disturb the arbitrator's decision. *See, e.g.*, *Dobruck v. Department of Veterans Affairs*, 102 M.S.P.R. 578, ¶ 14 (2006), *aff'd*, 212 F. App'x 997 (Fed. Cir. 2007).

¶11     The appellant also generally alleges that the arbitrator improperly gave more weight to the agency's opinions and speculations and "ruled only on opinion." RFR File, Tab 2 at 4. We construe such claims as challenges by the appellant to the arbitrator's credibility determinations, factual findings, and legal conclusions. However, the appellant's mere disagreement with the arbitrator does not show legal error. *See Cirella v. Department of the Treasury*, 108 M.S.P.R. 474, ¶¶ 15-16, *aff'd*, 296 F. App'x 63 (Fed. Cir. 2008). The appellant has not shown that, in reviewing and analyzing the evidence, the arbitrator erred as a matter of law in interpreting a civil service law, rule, or regulation.

¶12     Lastly, the appellant contends that the deciding official improperly considered ex parte information in violation of his due process rights. IAF, Tab 7 at 5. Specifically, he asserts that the deciding official improperly considered a memo showing the actual date and facsimile number from which he submitted the OF-306 in question, of which he was not aware until it was presented at the arbitration hearing. *Id.* While the appellant alleges that the proposing official had a copy of the memo in her possession, he has provided no evidence that the deciding official was aware of or considered the memo. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011) (a deciding official violates an employee's right to due process when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed). Moreover, such information appears to be cumulative to the extent the appellant was already on notice of the OF-306 in question through the agency's proposal notice, which identified the particular OF-306 dated March 7, 2012. RFR File, Tab 1 at 9; *see Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999) (identifying the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte communication introduces cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely

to result in undue pressure on the deciding official to rule in a particular manner). Thus, we find no due process violation.

The appellant has not shown that his removal was due to discrimination based on his race.

¶13    An employee may establish a prima facie case of prohibited discrimination by introducing preponderant evidence to show that he is a member of a protected group, he was similarly situated to an individual who was not a member of the protected group, and he was treated more harshly than the individual who was not a member of his protected group. *Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 9 (2003). Here, the appellant alleges generally that he was discriminated against on the basis of his race because he was the only black male working in the office and was treated differently than his white male coworkers. RFR File, Tab 1 at 5. However, the appellant has submitted no evidence in support of his claim and has not identified any similarly-situated white coworkers who were allegedly treated more favorably by the agency.

¶14    For comparison employees to be considered similarly situated to the appellant, all relevant aspects of the appellant's employment situation must be "nearly identical" to those of the comparison employee. *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 6 (2014); *Hidalgo*, 93 M.S.P.R. 645, ¶ 10. Among other things, comparative employees must have engaged in conduct similar to the appellant's without differentiating or mitigating circumstances that would distinguish their misconduct or the appropriate discipline for it. *Id.* Moreover, the appellant and the comparison employee must have been supervised by the same individual. *Id.* Although the appellant is a member of a protected group, he has not sufficiently alleged that he was similarly situated to the unidentified white coworkers or that he was treated more harshly than such individuals. Thus, the appellant has failed to establish disparate treatment. *See, e.g.*, *Agbaniyaka v. Department of the Treasury*, 115 M.S.P.R. 130, ¶¶ 13-14

(2010), *aff'd*, 484 F. App'x 545 (Fed. Cir. 2012); *Brent*, [100 M.S.P.R. 586](#), ¶¶ 12-14.

¶15     Accordingly, we AFFIRM the arbitrator's decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.