NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3218

PHYLLIS ANN CIRELLA,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Phyllis Ann Cirella, of Medford, Massachusetts, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3218

PHYLLIS ANN CIRELLA,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752070579-I-1.

_____

DECIDED: October 10, 2008

_____

Before RADER, PLAGER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Phyllis Ann Cirella was removed from her position as a bankruptcy specialist with the Internal Revenue Service. After her removal, Ms. Cirella chose to file a grievance and pursue arbitration as provided by her union contract rather than appeal her removal to the Merit Systems Protection Board (Board). Seven months after the arbitrator upheld the agency's action, and twenty-six months after her removal, she filed an appeal with the Board seeking review of both the agency's removal action and the arbitration decision.

The administrative judge dismissed both aspects of the appeal. Ms. Cirella then filed a petition for review by the full board of the administrative judge's initial decision dismissing the appeal from the agency's removal action. She also filed a request for review by the full Board of the arbitrator's decision.[1] The Board denied the petition for review of the administrative judge's initial decision and found no error in the arbitrator's affirmance of the removal. Cirella v. Dep't of the Treasury, 108 M.S.P.R. 474 (2008). Ms. Cirella timely appealed here. We affirm.

Our scope of review of Board decisions is limited by statute. We must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In her brief filed with the court, Ms. Cirella states that she is requesting de novo review of her case. As this is an appellate court, we have no authority to conduct such a review, and therefore we cannot consider Ms. Cirella's many fact-based arguments.

With regard to Ms. Cirella's request for direct review by the Board of the agency's removal decision, the Board correctly held that that avenue is no longer available to her. An employee who is covered by a collective bargaining agreement may challenge an adverse action such as a removal either by filing an appeal with the Board or by filing a grievance under the negotiated grievance procedure, but not both. 5 U.S.C.

---

[1] The Board has held that an arbitration decision that is before the Board for review is properly reviewed by the full Board, not an administrative judge. See Brent v. Dep't of Justice, 100 M.S.P.R. 586, 589 (2005). In Board terminology, a petitioner submits to the full Board a "request for review" of an arbitrator's decision, whereas she submits a "petition for review" of an administrative judge's initial decision.

§ 7121(e)(1); <u>Rodriguez v. Merit Sys. Prot. Bd.</u>, 804 F.2d 673, 675 (Fed. Cir. 1986). Once Ms. Cirella elected to pursue arbitration, she waived her right to appeal her removal to the Board.

Although we have jurisdiction to review directly an arbitrator's final decision regarding an adverse action, 5 U.S.C. § 7121(f), Ms. Cirella did not appeal the arbitration decision to this court; that decision, therefore, is not before us for review. Ms. Cirella did file a request for review of the arbitrator's decision with the Board. While ordinarily the Board does not have jurisdiction to review an arbitrator's decision, there is an exception. Under 5 U.S.C. § 7121(d), the Board has jurisdiction to review an arbitration decision when "the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued." <u>De Bow v. Dep't of the Air Force</u>, 97 M.S.P.R. 5, 7-8 (2004); <u>see also</u> <u>Jones v. Dep't of the Navy</u>, 898 F.2d 133, 135 (Fed. Cir. 1990). The Board gives substantial deference to arbitrators and will "modify or set aside an arbitration decision only where the arbitrator has erred as a matter of law in interpreting civil service law, rule, or regulation. Absent legal error, the Board cannot substitute its conclusions for those of the arbitrator, even if it would disagree with the arbitrator's decision." <u>De Bow</u>, 97 M.S.P.R. at 8 (internal citation omitted).

After determining that the jurisdictional requirements had been met, the Board reviewed the arbitrator's decision and concluded that there was no error by the arbitrator in sustaining the charge against Ms. Cirella or in determining the appropriate

penalty. Applying our deferential standard of review, we see no error in the Board's affirmance of the arbitrator's decision sustaining Ms. Cirella's removal.[2]

## COSTS

Each party shall bear its own costs.

---

[2] The Board concluded that, though sufficiently alleged for jurisdictional purposes, Ms. Cirella failed to prove her discrimination claim. That issue is not before us for review.