# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE I. SANTANA,
> Appellant,

v.

UNITED STATES POSTAL SERVICE,
> Agency.

DOCKET NUMBER
SF-0752-14-0801-I-1

DATE: April 14, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Jeremy M. Watson, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The appellant retired from the EAS-17 position of Supervisor, Customer Services, on January 31, 2014, under a Voluntary Early Retirement (VER) program. Initial Appeal File (IAF), Tab 5 at 29. On March 6, 2014, the appellant filed an equal employment opportunity (EEO) complaint alleging that his retirement was involuntary because of intolerable working conditions and that the agency discriminated against him on the bases of age and disability, and retaliated against him for filing prior EEO complaints. *Id*. at 9-15. On September 11, 2014, the appellant timely filed this appeal alleging that his retirement was involuntary.[2] IAF, Tab 1. The appellant requested a hearing. *Id*. The administrative judge issued an acknowledgment order informing the appellant of what he must show to establish a nonfrivolous allegation of jurisdiction and be entitled to the hearing that he requested. IAF, Tab 2.

¶3       Based on the record submitted by the parties, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency made

---

[2] The appellant filed his Board appeal in accordance with 5 C.F.R. § 1201.154(b)(2), which provides that, if the agency has not resolved an EEO complaint or issued a final decision on the appellant's formal EEO complaint and more than 120 days have elapsed, the appellant may file a mixed-case appeal with the Board. *See* IAF, Tab 1.

his working conditions so difficult that a reasonable person in his position would have felt compelled to resign or retire. IAF, Tab 11, Initial Decision (ID). She found that the appellant provided no specific facts to support his claims of age and disability discrimination, and she did not consider them as going to the ultimate question of coercion. ID at 3-4. She further found that the only incident referenced by the appellant that could be found to have affected his decision to take early retirement was a September 9, 2013 proposed Letter of Warning in Lieu of 7-Day Suspension for failure to follow instructions. ID at 5. She found that the fact that the appellant was faced with the unpleasant choice of retiring or opposing a proposed disciplinary action did not rebut the presumed voluntariness of his ultimate choice of retirement. ID at 5. The administrative judge did not decide the appellant's allegations of discrimination in the absence of an appealable action. ID at 6.

¶4    In his petition for review, the appellant contends that the agency failed to submit relevant documents and the administrative judge erred in denying the appellant's motion to compel discovery. Petition for Review (PFR) File, Tab 3. The Board's regulations regarding discovery in Board appeals are set forth at 5 C.F.R. § 1201.71-.75. The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶5    An appellant may request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction. *See, e.g.*, *Trotter v. U.S. Postal Service*, 91 M.S.P.R. 282, ¶ 14 (2002), *overruled on other grounds by Deida v. Department of the Navy*, 110 M.S.P.R. 408 (2009); *Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999). Here, the appellant filed a motion to compel and attached the discovery request that he had submitted to the agency. IAF, Tab 8. The proper procedure to address the appellant's concerns about the discovery process would have been for the agency to respond to the appellant's

discovery request with objections, as appropriate, and then, if necessary, for the appellant to file a motion to compel. *See* 5 C.F.R. § 1201.73(b)-(c). However, the appellant failed to supply a copy of the agency's responses to his discovery requests, as required by the Board's regulation, only asserting that the responses were deficient. 5 C.F.R. §§ 1201.73(e)(1), 1201.74(a). Under 5 C.F.R. § 1201.74(a), an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements of 5 C.F.R. § 1201.73(e)(1). The administrative judge did not abuse her discretion in denying the appellant's motion to compel the agency to provide extensive information concerning how the appellant's supervisor treated other employees,[3] where, as here, the appellant failed to comply with the Board's regulations regarding discovery by not submitting the agency's responses to his discovery requests.[4] *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 12 (2010).

¶6    As noted, in the initial decision, the administrative judge found that, because the appellant signed an Acknowledgement of Irrevocability for VER on October 25, 2013, any incident or event after that date would not have affected his decision to retire. ID at 4-5. However, the record shows that the appellant's VER election became irrevocable on November 29, 2013. IAF, Tab 5 at 29.

---

[3] The information that the appellant sought in discovery appears to be relevant to his allegations that he was treated disparately on the bases of age and disability. The administrative judge denied the motion to compel because the information that the appellant sought in discovery was irrelevant to the issue of the voluntariness of his retirement. ID at 6 n.2. We can discern no reason to disturb that determination, as the interrogatories in question appear irrelevant to the jurisdictional issue central to this appeal, i.e., whether the agency coerced the appellant's retirement. *See Piercy v. Department of Transportation*, 42 M.S.P.R. 73, 76 n.* (1989).

[4] To the extent that the appellant is asserting that the administrative judge erred in denying his motion to compel because the agency did not provide him with a copy of the report of investigation made pursuant to his EEO complaint, his assertion is unavailing. An appellant may seek discovery of purportedly relevant and material documents in the agency's possession. *See Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 86 (1996). Here, the record establishes that the appellant was provided with a copy of the report of investigation, IAF, Tab 9, and he could have submitted it into the record.

Thus, the administrative judge erred in considering only the agency's issuance of the September 9, 2013 proposed Letter of Warning in Lieu of a 7-Day Suspension to determine whether the appellant made a nonfrivolous allegation of jurisdiction over his alleged involuntary resignation. The appellant alleged that the agency's issuance of the November 5, 2013 Notice of Proposed Letter of Warning in Lieu of a 14-Day Suspension, and the November 18, 2013 scheduling of the appellant for an investigative interview were also actions that rendered his retirement involuntary. IAF, Tab 1. The administrative judge also should have considered these agency actions in determining if the appellant had nonfrivolously alleged that his retirement was involuntary.

¶7        We find, however, considering all of the agency's actions identified by the appellant as rendering his retirement involuntary, that he has failed to make a nonfrivolous allegation of involuntariness. As the administrative judge correctly found, the appellant's allegations reflect no more than disagreement with his supervisor over discipline and other directives. ID at 5. The mere fact that an employee is faced with the unpleasant choice of either resigning or retiring, or opposing potential disciplinary actions and complying with agency directives, does not rebut the presumed voluntariness of his ultimate choice to retire. *See Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 3 (2004). Thus, we find that the administrative judge's error did not harm the appellant's substantive rights and provides no basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶8        Attached to the appellant's petition for review is a decision by the California Unemployment Insurance Appeal Board that finds that he is entitled to unemployment benefits. PFR File, Tab 3. The unemployment benefits decision was issued after the initial decision in this case, and therefore it is new evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Also, while unemployment compensation decisions are worthy of consideration, they are not dispositive. *Cirella v. Department of the Treasury*, 108 M.S.P.R. 474, ¶ 19, *aff'd*,

296 F. App'x 63 (Fed. Cir. 2008). The California agency decision granting employee unemployment benefits is of little probative value in this case because the standard applied by the state agency, whether a reasonable, good faith and honest fear of harm to one's health or safety from the work environment and conditions of employment constitutes good cause for quitting, differs from that applicable to proving an involuntary retirement before the Board. PFR File, Tab 3. The Board has held that the doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 22 (2014). An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary. *Id*. Coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions that the agency is authorized to adopt, even if those measures make continuation in the job unpleasant. *Id*. Moreover, under this test for involuntariness, the coercion must be the result of improper acts by the agency, and the appellant has failed to make a nonfrivolous allegation of such acts. *Id*. Accordingly, we find that the appellant's new evidence is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.