# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY JONES,<br>         Appellant, | DOCKET NUMBER<br>CB-7121-15-0011-R-1 |
|     v. | |
| DEPARTMENT OF LABOR,<br>        Agency. | DATE: February 16, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy Jones</u>, Florissant, Missouri, pro se.

<u>Dana M. Shannon</u>, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a request for review under 5 U.S.C. § 7121(d) of an arbitrator's decision that denied the grievance concerning his removal. For the reasons discussed below, we AFFIRM the arbitrator's decision. We further FIND that the appellant failed to prove his claim of race discrimination.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    Effective September 11, 2013, the appellant was removed from his Equal Opportunity Specialist position for failure to provide accurate information and lack of candor.  MSPB Docket No. CB-7121-15-0011-V-1, Request for Review (RFR) File, Tab 1 at 34-44.  The failure to provide accurate information charge was supported by two specifications and the lack of candor charge was supported by three specifications.[2]  *Id.* at 39-42.

¶3    The appellant challenged the action through arbitration pursuant to the negotiated grievance procedure.  *Id.* at 45.  Following a hearing, on August 25, 2014, the arbitrator issued a decision denying the grievance.  *Id.* at 46-58.  The arbitrator sustained both specifications of the failure to provide accurate information charge and two of three specifications of the lack of candor charge.  *Id.* at 55-58.  Specification 1 of the failure to provide accurate information charge alleged that the appellant failed to provide accurate information in response to question 12 of Optional Form 306 (OF-306), Declaration for Federal Employment, by failing to disclose his resignation after being removed from his prior position at the Department of Agriculture in 2008.  *Id.* at 8-11. Specification 2 alleged that the appellant failed to provide accurate information in his employment application regarding his employment history as a Criminal Investigator with the Department of Homeland Security (DHS).  *Id.* at 11-13.

¶4    Specification 1 of the lack of candor charge alleged that, during his recruitment interview, the appellant was not forthright about the fact that he only performed his job duties as a Criminal Investigator for DHS for approximately 2 weeks and failed to disclose that he was on extended administrative leave during the majority of the 21 months he indicated that he was employed there on his résumé.  *Id.* at 14.  Specification 2 alleged that, during the same interview, the

---

[2] Initially, the agency provided four specifications in support of its lack of candor charge, however, the deciding official did not sustain specification 3.  RFR File, Tab 1 at 15, 41.

appellant was not forthright about the fact that he went from a GS-12 Criminal Investigator to a GS-6 Deportation Assistant, not because he was in a "holding pattern" regarding his top secret clearance, as he stated, but because he had been removed from his Criminal Investigator position for failure to obtain a top secret clearance, and, as a result of a settlement agreement, the agency agreed to place him in the Deportation Assistant position. *Id.* Specification 4 was not sustained by the arbitrator. *Id.* at 58. Having determined that the agency proved both of its charges, the arbitrator also found that removal was a reasonable penalty that promoted the efficiency of the service. *Id.*

¶5 On September 26, 2014, the appellant electronically filed an "appeal" with the Board's Central Regional Office challenging the arbitrator's decision. *See* MSPB Docket No. CH-0752-15-0003-I-1, Initial Appeal File (IAF), Tab 1.[3] IAF, Tab 1. Recognizing that the "appeal" was properly a request for review of the arbitrator's decision, which should have been filed with the Clerk of the Board, *see Brent v. Department of Justice*, 100 M.S.P.R. 586, ¶ 6 (2005), *aff'd*, 213 F. App'x 993 (Fed. Cir. 2007), the administrative judge issued a decision on December 15, 2014, transferring the request for review to the Clerk of the Board. IAF, Tab 9, Initial Decision.

¶6 Upon transfer to the Board, the Clerk's office docketed the request for review as MSPB Docket No. CB-7121-15-0011-V-1, and issued a January 12, 2015 letter acknowledging receipt of the appellant's request for review, setting forth the requirements for a request for review of an arbitration decision under 5 C.F.R. § 1201.155(d), allowing the appellant an opportunity to supplement his request, and allowing the agency an opportunity to file a response to the appellant's request for review. RFR File, Tab 3. The Board also docketed the

---

[3] Although the Board did not receive the appellant's request for review until sometime on or after December 15, 2014, his initial filing with the Central Regional Office on September 26, 2014, was within the 35-day time period for requesting review of the August 25, 2014 arbitration decision. IAF, Tab 1. Thus, we find his request for review was timely filed. *See Keller v. Department of the Army*, 113 M.S.P.R. 557, ¶ 4 (2010).

appellant's December 23, 2014 "petition for review," which he electronically filed in MSPB Docket No. CH-0752-15-0003-I-1 as a supplement to the request for review.[4]  RFR File, Tabs 2-3.  On February 24, 2015, the agency filed a response to the request for review.  RFR File, Tab 5.  The appellant did not file any additional pleadings after his December 23, 2014 submission.  On April 16, 2015, the Board issued a final order affirming the arbitrator's decision and finding that the appellant failed to prove his claim of race discrimination.  RFR File, Tab 6.

¶7        On June 22, 2015, the Board vacated its April 16, 2015 final order after it discovered that the appellant likely did not receive the January 12, 2015 acknowledgment letter, the agency's February 24, 2015 response, and the Board's April 16, 2015 final order, which were improperly served on him via U.S. mail due to an administrative error in which the appellant was entered into the Board's system as having elected service via U.S. mail rather than e-Appeal online, which he actually chose.  MSPB Docket No. CB-7121-15-0011-R-1, Tab 1 at 2.  Thus, the Board reopened the case to provide the appellant with notice of the requirements of a request for review of an arbitration decision and an opportunity to supplement his request for review.  *Id.*

¶8        The Board's June 22, 2015 reopening order was properly served on the appellant electronically via e-Appeal and included copies of the January 12, 2015 acknowledgment letter, the agency's February 24, 2015 response, and the Board's April 16, 2015 vacated order.  *Id.* at 3, 5.  The order stated that the appellant could file a supplement to his request for review by July 13, 2015, the agency could file a response to any supplemental submission by July 27, 2015, and the record would close upon the expiration of the agency's period for filing a

_____

[4] On October 28, 2014, the appellant electronically filed an opposition to the agency's motion to dismiss in MSPB Docket No. CH-0752-15-0003-I-1, which we also have considered as a supplement to his request for review.  IAF, Tab 7.

response. *Id.* at 3. To date, the appellant has not filed a supplement to his request for review.

## ANALYSIS

The Board has jurisdiction over the appellant's request for review of the arbitrator's decision.

¶9    The Board has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) where the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Keller v. Department of the Army*, 113 M.S.P.R. 557, ¶ 5 (2010). Under Board regulations, an appellant can establish Board jurisdiction over a request for review of an arbitration decision only if the appellant either raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action or raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure. *See* 5 C.F.R. § 1201.155(c); *see also Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 6 (2014).

¶10    Here, each of these conditions is met. The appellant's grievance concerns his removal under 5 U.S.C. § 7512, a subject matter over which the Board has jurisdiction, and the arbitrator issued a final decision. RFR File, Tab 1 at 8, 44-58. Further, the appellant alleges for the first time in his request for review that his removal was a result of racial discrimination and the record reflects that his governing collective bargaining agreement did not allow for claims of discrimination to be raised in the course of a grievance proceeding. *Id.* at 5; RFR File, Tab 5 at 10, 38.

<u>The appellant has not shown that the arbitrator erred in interpreting civil service law, rule, or regulation.</u>

¶11    The standard of the Board's review of an arbitration decision is narrow; such decisions are entitled to a greater degree of deference than initial decisions of the Board's administrative judges. *Keller*, 113 M.S.P.R. 557, ¶ 6. Even if the Board disagrees with the arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. *Id.* The Board will modify or set aside an arbitrator's decision only where the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.*

¶12    The appellant presents various challenges to the arbitrator's decision. RFR File, Tab 1 at 5, 59-62, Tab 2 at 3-4; IAF, Tab 7 at 4-6. First, the appellant contends that the arbitrator erred in sustaining the charge of failure to provide accurate information because he failed to consider the appellant's testimony that he inadvertently submitted the wrong OF-306 form. RFR File, Tab 1 at 59, 61, Tab 2 at 4. Contrary to the appellant's assertion, however, the arbitration decision reflects that the arbitrator did consider the appellant's explanation that he mistakenly submitted the wrong OF-306 but found such an explanation was not credible. RFR File, Tab 1 at 56.

¶13    The appellant also generally sets forth the background facts regarding his employment history and explains why he believes that he did not provide inaccurate information. *Id.* at 5, 60. Concerning the failure to provide accurate information charge, the appellant asserts the following: he disclosed the reasons surrounding his separation from his prior Federal positions during two interviews with a background investigator and during a prior interview he had with the Office of Personnel Management, and he was attempting to abide by the terms of his settlement agreement with DHS. *Id.* at 5, 60-61. Additionally, regarding the lack of candor charge, the appellant reiterates his arguments that during his interview he was not asked specific questions about his length of employment with DHS and that he did not state that he was in a holding pattern to receive a

top security clearance because he was not; rather, he stated that he was awaiting placement in another position that did not require a top secret clearance. *Id.* at 61-62. The appellant's statements do not establish, however, a basis for the Board to disturb the arbitrator's decision. *See, e.g.*, *Dobruck v. Department of Veterans Affairs*, [102 M.S.P.R. 578](#), ¶ 14 (2006), *aff'd*, 212 F. App'x 997 (Fed. Cir. 2007).

¶14 The appellant also generally alleges that the arbitrator improperly gave more weight to the agency's opinions and speculations and "ruled only on opinion." RFR File, Tab 2 at 4. We construe such claims as challenges by the appellant to the arbitrator's credibility determinations, factual findings, and legal conclusions. However, the appellant's mere disagreement with the arbitrator does not show legal error. *See Cirella v. Department of the Treasury*, [108 M.S.P.R. 474](#), ¶¶ 15-16, *aff'd*, 296 F. App'x 63 (Fed. Cir. 2008). The appellant has not shown that, in reviewing and analyzing the evidence, the arbitrator erred as a matter of law in interpreting a civil service law, rule, or regulation.

¶15 Finally, the appellant contends that the deciding official improperly considered ex parte information in violation of his due process rights. IAF, Tab 7 at 5. Specifically, he asserts that the deciding official improperly considered a memorandum showing the actual date and facsimile number from which he submitted the OF-306 in question, of which he was not aware until it was presented at the arbitration hearing. *Id.* While the appellant alleges that the proposing official had a copy of the memorandum in her possession, he has provided no evidence that the deciding official was aware of or considered it. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011) (explaining that a deciding official violates an employee's right to due process when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed). Moreover, such information appears to be cumulative to the extent the appellant was already on notice of the OF-306 in question through the agency's proposal notice, which

identified the particular OF-306 dated March 7, 2012. RFR File, Tab 1 at 9; *see Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999) (identifying the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte communication introduces cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner). Thus, we find no due process violation.

The appellant has not shown that his removal was due to discrimination based on his race.

¶16 The appellant alleges generally that he was discriminated against on the basis of his race because he was the only black male working in the office and he was treated less favorably than his similarly situated white coworkers. RFR File, Tab 1 at 5; IAF, Tab 7 at 4. If proven, such allegations could constitute evidence that discrimination was a motivating factor in the agency's decision to remove the appellant in violation of 42 U.S.C. § 2000e–16. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42, 51 (2015). However, the appellant has not submitted any evidence in support of his claim and has not identified any similarly situated white coworkers who were allegedly treated more favorably by the agency.

¶17 The Board's June 22, 2015 order allowed the appellant an opportunity to supplement his request for review after receiving a copy of the Board's April 16, 2015 vacated order, which found that he failed to meet his burden of proving that he was treated less favorably than his similarly situated white coworkers because he failed to even identify any similarly situated white coworkers. Despite the Board's orders, the appellant has not filed any additional evidence. Thus, we find that the appellant has failed to prove that his removal was due to discrimination based on his race. *See, e.g.*, *Brent*, 100 M.S.P.R. 586, ¶¶ 12-14.

¶18 Accordingly, we AFFIRM the arbitrator's decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.