# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KONSTANTINA TATSIS,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF HOUSING AND
　URBAN DEVELOPMENT,
　　　　　　　Agency.

DOCKET NUMBER
CB-7121-16-0003-V-1

DATE: June 16, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Rushab Sanghvi, Washington, D.C., for the appellant.

Lawrence E. McDermott, Esquire, and Patricia McGarvey Knebels,
　Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER

¶1　　The appellant has filed a petition for review of an arbitration decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43 and denied her affirmative defense of discrimination based on a failure to accommodate. For the reasons discussed below, we GRANT the request for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

review under 5 U.S.C. § 7121(d), VACATE the arbitration decision, REVERSE the arbitrator's evidentiary ruling regarding the admissibility of emails relating to the preparation of the appellant's notice of proposed removal, and FORWARD the matter to the Northeastern Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      The agency removed the appellant from her position as an Equal Opportunity Specialist, effective October 1, 2014, for failure to demonstrate acceptable performance in a critical element of her position during a 90‑day performance improvement plan (PIP) period.[2]  Request for Review (RFR) File, Tab 6 at 491, Tab 7 at 75, 77.  The appellant filed a grievance challenging her removal, alleging, among other things, that the agency failed to provide her with a reasonable accommodation for an alleged disability related to a pregnancy. RFR File, Tab 6 at 7, 52, 55, 77‑82.

¶3      Following a hearing, the arbitrator denied the appellant's grievance and affirmed her removal.  *Id.* at 22‑33.  He found that the agency met its burden of proof in a performance−based action under 5 U.S.C. chapter 43 and that the appellant failed to establish that the agency violated the applicable collective bargaining agreement.  *Id*. at 29‑33.  The arbitrator denied the appellant's claim of discrimination, finding that, although the appellant suffered from medical issues that may have affected her employment, she failed to establish that she had requested a reasonable accommodation.  *Id*. at 28‑29.

¶4      The appellant has filed a request for review of the arbitration decision, in which she challenges the arbitrator's finding that she failed to request a reasonable accommodation.  *Id*. at 15‑16.  She also challenges the arbitrator's

---

[2] The agency referred to the PIP as an "Opportunity to Improve Performance."  Request for Review File, Tab 6 at 491.

rulings regarding the admissibility of certain evidence, *id*. at 8‑15, and his finding that the agency afforded her a reasonable opportunity to improve her performance, *id.* at 17‑18.  The agency has opposed the appellant's request for review.  RFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's motion to proceed anonymously is denied.</u>

¶5        On review, the appellant filed a motion requesting that our ruling in this matter be prepared in a manner that avoids disclosure of her name.[3]  RFR File, Tab 5.  A party seeking anonymity must overcome the presumption that parties' identities are public information.  *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 11 (2007).  Anonymity is granted to litigants before the Board only in unusual circumstances, and the determination whether to grant anonymity depends on the particular facts of each case.  *Id*.  A litigant seeking anonymity before the Board must present evidence establishing that harm is likely, not merely possible, if her name is disclosed.  *Id*., ¶¶ 11, 18.

¶6        Here, the appellant asserts that anonymity is necessary because her medical condition is at issue in her request for review.  RFR File, Tab 5 at 4.  However, she has failed to identify any specific harm that would result if her name were disclosed, or otherwise distinguish her situation from the numerous Board decisions in which appellants' medical conditions are discussed.  *Id.*  While it is understandable that the appellant wishes to preserve her privacy, she has failed to rebut the presumption that the parties' identities are public information in Board cases.  *See Pinegar*, 105 M.S.P.R. 677, ¶¶ 11, 19.  Therefore, we DENY the appellant's motion requesting anonymity.

---

[3]  The appellant's motion was captioned as "Motion to Sanitize Publication of Appellant's Name."  RFR File, Tab 5 at 4.

<u>The Board has jurisdiction over the appellant's request for review of the arbitration decision.</u>

¶7    The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1),(c).

¶8    In the instant case, each of the necessary conditions has been met.  First, the appellant's grievance concerns her removal for unacceptable performance under 5 U.S.C. chapter 43, a subject matter over which the Board has jurisdiction.  *See* 5 U.S.C. § 4303(e); *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 11 (2009).  Second, the appellant alleged in her grievance that the agency's action was due to discrimination based on a failure to accommodate.[4]  RFR File, Tab 6 at 77‑82.  Finally, the arbitrator has issued a final decision.  *Id*. at 22−33.  Consequently, we find that the Board has jurisdiction to review the arbitration decision.

<u>The standard of review of an arbitration decision</u>

¶9    The standard of the Board's review of an arbitrator's award is limited; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges.  *Sadiq v. Department of Veterans Affairs*,

---

[4] A section heading in the appellant's request for review erroneously indicates that she raised an affirmative defense of retaliation for equal employment opportunity (EEO) activity.  RFR File, Tab 6 at 7.  The record on review does not indicate that the appellant raised a claim of retaliation for EEO activity before the arbitrator.  RFR File, Tabs 6‑7.

[119 M.S.P.R. 450](#), ¶ 5 (2013).  The Board will modify or set aside such an award only when the arbitrator has erred as matter of law in interpreting a civil service law, rule, or regulation.  *Id.*  Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator.  *Id.*  Thus, the arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework.  *Id.*  Nevertheless, the Board can defer to the arbitrator's findings and conclusions only if the arbitrator makes specific findings on the issues in question.  *Id.*  Further, the Board may make its own findings when the arbitrator failed to cite any legal standard or employ any analytical framework for his evaluation of the evidence. *Id.*

The arbitrator erred in analyzing the appellant's affirmative defense of discrimination.

¶10    We first address the appellant's affirmative defense of discrimination, because the arbitrator's errors in analyzing this affirmative defense form the primary basis for granting the appellant's request for review.

¶11    The appellant alleged that she orally requested a reasonable accommodation from her former supervisor, V.C., in January 2013, more than a year and a half before she was placed on the PIP.  RFR File, Tab 6 at 80, 491, Tab 7 at 6‑7.  During the arbitration hearing, the appellant apparently testified that, during a telephone conversation with V.C. (who was deceased at the time of the hearing), she informed V.C. of her medical issues.[5]  RFR File, Tab 6 at 25, 28.  The arbitrator found that the appellant's testimony regarding the telephone conversation, "with no further follow up," was insufficient proof of a request for reasonable accommodation.  *Id.* at 29.

[5] Although the arbitration decision reflects the general nature of the appellant's testimony regarding the alleged conversation with V.C., her exact testimony is unavailable because the arbitration hearing was not recorded or transcribed.  RFR File, Tab 6 at 5 n.3.

¶12      Although the arbitrator did not clearly articulate the factual or legal basis for this finding, it appears that he summarily discounted the appellant's testimony, which was seemingly uncontradicted, primarily on the basis that there was no documentary evidence to corroborate the testimony. *Id.* This constituted error.[6] *See generally Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1041 (Fed. Cir. 2007) (finding that subjective evidence submitted by an applicant for disability retirement, such as testimony or written statements, may be entitled to great weight on the matter of disability, especially where such evidence is uncontradicted in the record); *Heiter v. Office of Personnel Management*, 107 M.S.P.R. 514, ¶ 7 (2007) (finding medical opinion testimony probative where, among other things, such testimony was unrefuted by countervailing testimony); *Bradley v. Department of Veterans Affairs*, 78 M.S.P.R. 296, 300‑01 (1998) (finding no reasonable basis to discredit an appellant's uncontradicted testimony regarding her interactions with a patient).

¶13      We further find that the arbitrator's analysis regarding the appellant's discrimination claim was cursory and that he failed to consider all potentially relevant issues. *See Hollingsworth v. Department of Commerce,* 115 M.S.P.R. 636, ¶ 8 (2011) (finding that an arbitrator's decision is not entitled to deference where the arbitrator decides an issue without making specific findings, citing the correct legal standard, or employing the proper analytical framework). As an initial matter, the arbitrator failed to cite any legal standard or set forth any analytical framework for adjudicating the appellant's discrimination claim. *See*

---

[6] To the extent that the arbitrator found that the appellant's alleged statements to V.C. were insufficient to establish that she requested a reasonable accommodation because the request was not formal or in writing, this also would constitute error. *See White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 15 n.6 (2013) (finding that a request for reasonable accommodation need not be in writing, although an employee generally must inform the employer that an accommodation is needed); *Paris v. Department of the Treasury,* 104 M.S.P.R. 331, ¶ 17 (2006) (finding that an employee only has a general responsibility to inform his employer that he needs accommodation for a medical condition).

*Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 15 (2014) (vacating an arbitrator's findings where he failed to set forth any analytical framework for his findings regarding the appellant's claims of discrimination and retaliation for union activity); *Sadiq*, 119 M.S.P.R. 450, ¶ 12 (vacating an arbitrator's findings regarding an appellant's discrimination claims where, among other things, the arbitrator did not set forth any analytical framework for adjudicating the claims). However, it appears that the arbitrator construed the appellant's claim that the agency failed to provide her with a reasonable accommodation for her medical conditions solely as a claim of disability discrimination. RFR File, Tab 6 at 28−29.

¶14    The arbitrator also should have considered whether the appellant's allegations raised a claim of discrimination based on sex under the Pregnancy Discrimination Act (PDA), Pub. L. No. 95-555, 92 Stat. 2076 (1978), codified at 42 U.S.C. § 2000e(k). The PDA amended title VII of the Civil Rights Act by expanding the definition of sex discrimination to include discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k); *see Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 26 (2015). The PDA further specifies that women affected by pregnancy, childbirth, or related medical conditions must be treated the same for employment-related purposes as other persons not so affected "but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). The arbitrator should have requested that the appellant clarify whether she was alleging that the agency discriminated against her based on a pregnancy‑related medical condition, and if so, considered the applicability, if any, of *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1353‑55 (2015), in which the United States Supreme Court recently clarified the analytical framework for proving a claim of disparate treatment discrimination under the PDA.

¶15    Moreover, as the appellant correctly notes in her request for review, in addition to the alleged oral request for a reasonable accommodation in January 2013, she also alleged that she made a second request for a reasonable accommodation in one of her September 2014 responses to the notice of proposed removal. RFR File, Tab 6 at 15‑16, 80‑81, Tab 7 at 11. Although the arbitrator mentioned this allegation in the arbitration decision, RFR File, Tab 6 at 24, 26, he failed to make any findings or conclusions regarding this claim; *id.* at 28‑29. Accordingly, the Board has no basis upon which to defer to the arbitrator on this issue. *See Sadiq*, 119 M.S.P.R. 450, ¶ 12 (finding that the Board had no basis upon which to defer to an arbitrator where the arbitrator failed to make findings on certain claims).

¶16    For these reasons, we vacate the arbitrator's finding that the appellant failed to prove her affirmative defense of discrimination, and, pursuant to the Board's authority in 5 C.F.R. § 1201.155(e), we forward the matter to the Board's Northeastern Regional Office for assignment to an administrative judge to make recommended findings on the appellant's discrimination claim under the appropriate legal standards. *See Brookens*, 120 M.S.P.R. 678, ¶¶ 15‑17 (vacating an arbitrator's findings that an agency did not retaliate against an appellant due to his union activities and discriminate against him based on age and race, and forwarding the case to a regional office for further adjudication).

¶17    An appellant is typically entitled to notice of the applicable burdens and elements of proof and an opportunity to submit evidence and argument under the proper standard. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 13−14 (2010). The administrative judge shall provide the appellant with notice of what she needs to do to establish her discrimination claim. In advising the appellant on this issue, the administrative judge shall have the appellant clarify whether she is raising a sex discrimination claim, a disability discrimination claim, or both. When providing such notice, the administrative judge may wish to

9

review the Board's analysis in *Thome*, [122 M.S.P.R. 315](#), ¶¶ 23‑30, to see how claims of discrimination based on sex and disability discrimination may become blurred in claims under the PDA.

¶18      Next, the administrative judge shall allow the parties to further develop the record on the appellant's discrimination claim and hold a hearing if the appellant so requests.  The administrative judge shall consider the evidence and make credibility determinations regarding the appellant's testimony pertaining to the alleged January 2013 telephone conversation with V.C., in which she claimed that she requested a reasonable accommodation.  *See Hillen v. Department of the Army*, [35 M.S.P.R. 453](#), 458 (1987) (setting forth the factors that are generally probative in credibility determinations).  In the event that other witnesses are able to offer testimony on this issue, the administrative judge also shall consider their testimony and make credibility determinations as to those witnesses.

¶19      In analyzing the appellant's claim regarding her reasonable accommodation request, the administrative judge shall discuss what, if any, effect the PDA has on her claim.  The administrative judge also should discuss what, if any, effect the Supreme Court's decision in *Young*, [135 S. Ct. 1338](#), has on the appellant's discrimination claim.  *See Thome*, [122 M.S.P.R. 315](#), ¶¶ 26‑29 (remanding an appeal to the regional office to consider the appellant's claims in light of the Supreme Court's decision in *Young*).

¶20      Finally, the administrative judge shall further develop the record and make factual findings regarding the appellant's claim that she requested a reasonable accommodation in her September 2014 response to the notice of proposed removal, applying the appropriate legal standards.

The arbitrator misapplied the law in his evidentiary ruling regarding the admissibility of emails relating to the preparation of the appellant's notice of proposed removal.

¶21      In her request for review, the appellant argues that the arbitrator erred in an evidentiary ruling regarding three emails between her supervisor and a Labor and

Employee Relations Specialist, which the agency provided in response to an information request from the appellant's union pursuant to 5 U.S.C. § 7114(b)(4).[7] RFR File, Tab 6 at 8‑15, Tab 7 at 153, 162‑204. In pertinent part, the emails and associated attachments reflect that the agency began the process of preparing the appellant's notice of proposed removal approximately 3 weeks prior to the completion of the 90‑day PIP period. RFR File, Tab 7 at 162-204. The arbitrator found that the emails were exempt from disclosure under the Freedom of Information Act's (FOIA) deliberative process privilege, 5 U.S.C. § 552(b)(5), and further found that the agency did not waive the privilege by failing to raise it until after the appellant used the documents to cross‑examine a witness at hearing.[8] RFR File, Tab 6 at 38‑40. For these reasons, the arbitrator ruled that the emails were inadmissible in the arbitration proceedings. *Id*. at 40.

¶22        We agree with the appellant that the arbitrator erred in finding that the emails were protected under FOIA's deliberative process privilege, because the documents were not produced in response to a FOIA request.[9] RFR File, Tab 6

---

[7] Pursuant to 5 U.S.C. § 7114(b)(4)(B), an agency must furnish information to a union, on request and to the extent not prohibited by law, if the information is: (1) normally maintained by the agency in the regular course of business; (2) reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining; and (3) does not constitute guidance, advice, counsel, or training provided for management officials or supervisors, relating to collective bargaining.

[8] The agency did not attempt to invoke the common law, as opposed to FOIA, deliberative process privilege. RFR File, Tab 6 at 47‑51. Unlike the FOIA privilege, the common law deliberative process privilege can be asserted only by the head of the agency, or an official to whom such authority has been delegated by the head of the agency, and must be asserted in the form of a declaration or affidavit. *See Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006) (holding that assertion of the common law deliberative process privilege can be delegated); *see also CACI Field Services, Inc. v. United States*, 12 Cl. Ct. 680, 686 n.7 (Cl. Ct. 1987) (distinguishing the procedural requirements for invoking the FOIA and common law deliberative process privileges).

[9] 5 U.S.C. § 7114(b)(4) provides that the agency is required to furnish data "to the extent not prohibited by law." However, FOIA exemptions, such as the FOIA

at 13‑15.   Instead, the agency provided the documents in response to an information request pursuant to 5 U.S.C. § 7114(b)(4), *see* RFR File, Tab 7 at 153, and the union's right to information under that statutory provision is not controlled by FOIA.  *See Bureau of Alcohol, Tobacco & Firearms, National Office & Western Region and National Treasury Employees Union*, 8 F.L.R.A. 547, 556 (1982) (explaining that a union's right to data under 5 U.S.C. § 7114(b)(4) is not controlled by FOIA); *see also National Labor Relations Board v. Federal Labor Relations Authority*, 952 F.2d 523, 529 (D.C. Cir. 1992) (finding that 5 U.S.C. § 7114(b)(4) does not "incorporate a FOIA-like exemption for any predecisional, deliberative document").

¶23       Having determined that the emails were not exempt from disclosure under FOIA's deliberative process privilege in the first instance, we need not address the appellant's argument that the administrative judge erred in finding that the agency did not waive this privilege.  RFR File, Tab 6 at 10‑13.  Similarly, we need not resolve the issue of whether the agency was obligated to produce the emails pursuant to the standards in 5 U.S.C. § 7114(b)(4).  RFR File, Tab 6 at 39. The agency did produce the emails, and, although we disagree with the appellant's assertion that they establish that her removal was "deficient," *id*. at 13, they are arguably relevant to her claims of discrimination and the issue of whether the agency met its burden of proof in this performance‑based action under 5 U.S.C. chapter 43.

¶24       Accordingly, we reverse the arbitrator's findings that the emails are inadmissible.  When this matter is forwarded to the Northeastern Regional Office, the administrative judge shall admit the three emails at issue into evidence.  The

deliberative process privilege, are exemptions from mandatory disclosure in response to FOIA requests only; they do not prohibit agency disclosure of data or information. *See Chrysler Corporation v. Brown*, 441 U.S. 281, 292 (1979) (finding that the FOIA exemptions are not a mandatory bar to an agency's disclosure of information). Accordingly, FOIA does not prohibit the agency from providing the emails in response to the union's information request pursuant to 5 U.S.C. § 7114(b)(4).

administrative judge also shall afford the parties an opportunity to further develop the record regarding the emails, including the opportunity to present testimony and cross examine witnesses regarding the emails, if the appellant requests a hearing. The administrative judge shall consider the emails, and any evidence submitted regarding the emails, in making the recommended findings described in this Order.

We vacate the arbitrator's finding that the agency proved the charge of unacceptable performance.

¶25 Finally, we turn to the issue of whether the arbitrator's finding that the agency proved the charge of unacceptable performance under 5 U.S.C. chapter 43 can be sustained at this time. For the reasons discussed below, we find that it cannot.

¶26 To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish by substantial evidence that: (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

¶27 Of these elements, the appellant's request for review challenges only the arbitrator's determination that the agency provided her a reasonable opportunity to demonstrate acceptable performance. RFR File, Tab 6 at 17‑18. The arbitrator found that agency managers testified regarding meetings with the appellant during her 90‑day PIP where she was informed what was necessary to demonstrate

acceptable performance and that emails in the record confirmed that these meetings occurred. *Id*. at 31. He further found that the appellant had more than 6 years of experience in her position, which was more than sufficient to enable her to perform her regular duties as needed. *Id*.

¶28 On review, the appellant contends that the arbitrator failed to consider unspecified arguments raised in her post-hearing brief and also generally asserts that the arbitrator "fail[ed] to provide any legal analysis." *Id*. at 18. In the absence of any arguments regarding specific errors by the arbitrator, we find that the appellant's assertions amount to mere disagreement with the arbitrator's explained factual findings and conclusion, and do not demonstrate legal error. *See Cirella v. Department of the Treasury*, 108 M.S.P.R. 474, ¶ 16 (finding that an appellant's vague allegations, unsupported by specific references to the record, constituted mere disagreement with an arbitrator's findings), *aff'd*, 296 F. App'x 63 (Fed. Cir. 2008); *Cook v. Equal Employment Opportunity Commission*, 50 M.S.P.R. 660, 661-62 (1991) (finding that an appellant's bare assertions of error by an arbitrator, unsupported by references to the record or argument, constituted mere disagreement with the arbitrator and did not justify modifying or setting aside an arbitration decision).

¶29 Although the appellant's arguments on review do not form a basis for reversing the arbitrator's finding that the agency proved the charge of unacceptable performance, we nevertheless find that this finding cannot be sustained at this time in light of the fact that the arbitrator's evidentiary ruling has been reversed and his finding regarding the appellant's affirmative defense has been vacated. The appellant's discrimination claim, if proven, relates to the issue of whether the agency provided her with a reasonable opportunity to demonstrate acceptable performance. Specifically, if the appellant requested a reasonable accommodation in January 2013, and the agency subsequently placed her on a PIP in April 2014, RFR File, Tab 6 at 368, without the benefit of a reasonable accommodation, the agency may not have provided her with a

reasonable opportunity to demonstrate successful performance. In addition, the three emails that the arbitrator erroneously ruled were inadmissible, which reflected that the agency began preparing the appellant's notice of proposed removal prior to the completion of the 90‑day PIP period, also may potentially be relevant to the issue of whether the agency provided her with a reasonable opportunity to demonstrate successful performance.

¶30    Accordingly, because we are reversing the arbitrator's evidentiary ruling and forwarding the appellant's affirmative defense of discrimination to the Northeastern Regional Office for further adjudication, we vacate the arbitrator's finding that the agency proved the charge of unacceptable performance. *See Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶¶ 1, 8 (2010) (vacating an administrative judge's findings that an agency proved the charge, nexus, and penalty where the appeal was remanded for further adjudication of the appellant's affirmative defense of discrimination). When the case is forwarded to the Northeastern Regional Office, the administrative judge shall make recommended findings regarding whether the agency proved the charge of unacceptable performance. If the appellant fails to prove her affirmative defense of discrimination, then the administrative judge may adopt the arbitrator's finding that the agency proved the charge of unacceptable performance, if he or she finds that such a conclusion is supported by the record as supplemented by the three emails that the arbitrator erroneously ruled were inadmissible.

## ORDER

¶31    For the reasons set forth above, we forward this matter to the Northeastern Regional Office for further adjudication. The administrative judge shall conduct further proceeds as necessary, consistent with this Order, and make recommended findings to the Board regarding the appellant's affirmative defense of discrimination and the issue of whether the agency proved the charge of unacceptable performance. After the administrative judge issues the

recommendation, the case will be forwarded back to the Board. The parties may file exceptions to the administrative judge's recommendation with the Clerk of the Board within 20 days of the date of the recommendation. The parties may respond to any submission by the other party within 15 days of the date of such submission. The Board will subsequently issue a final decision on the merits of the appellant's request for review.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.